FELDENHEIMER v. THE COUNTY OF WOODBURY.

1. **County:** LIABILITY FOR JAIL SUPPLIES: SHERIFF. A sheriff may procure the articles he is required by the statute to furnish for the use of prisoners in his custody on the credit of the county, and the person furnishing the same may maintain an action directly against the county for the purchase price.

2. ——: ——: ——. One so furnishing supplies for prisoners is bound to know that the articles supplied are suitable for the purpose, and possibly that they are necessary, but is not required to determine beyond that whether or not the sheriff has properly exercised the discretion vested in him by the statute.

*Appeal from Woodbury Circuit Court.*

THURSDAY, JUNE 16.

ACTION upon an account for clothing furnished prisoners confined in the jail of said county at the request of the sheriff. Trial by the court. Judgment for the plaintiff for $215.80, and defendant appeals.

*S. M. Marsh, District Attorney,* and *George W. Wakefield,* for appellant.

*Joy & Wright,* for appellee.

SEEVERS, J.—I. The Code provides: "The keeper of each jail (sheriff) must furnish necessary clothing, bedding, fuel and medical aid, for all prisoners under his charge, and keep an accurate account of the same. All charges for safe keeping and maintaining convicts and persons charged with public offenses, and committed for examination or trial to the county jail, shall be paid from the county treasury, the accounts therefor being first settled and allowed by the board of supervisors." Code, § 4727, 4735.

It is objected, as the sheriff must furnish the required clothing, that he alone can maintain an action therefor. This view

would cast upon the sheriff the burden of paying for all the required things mentioned in the statute. We do not believe this is the correct construction. The word furnish should be construed to mean obtain or procure. It cannot be presumed the sheriff is a capitalist, or that his credit is unlimited. The sheriff must obtain what is required from some one, and we cannot see how the county can be prejudiced if it is required to pay such person instead of the sheriff.

II. The defendant sought to prove the sheriff had failed to have washed certain clothing worn by the prisoners. The evidence was rejected. It is urged it should have been admitted, because its tendency would have been to show the clothing furnished, or a portion of it, was unnecessary. The claim being that instead of having a shirt washed at an expense of ten cents, a new one was procured at an expense of seventy-five cents or more.

It must be conceded that only necessary clothing can be procured at the expense of the county. The sheriff, however, is made the agent of the county for this purpose. A discretion is reposed in him, and, in the absence of bad faith on the part of the sheriff, and of the person from whom the clothing was obtained, we do not think the discretion reposed in the sheriff can be controlled by the board of supervisors. We can readily conceive of clothing that might be furnished, which would be so manifestly unsuitable as to lead to the conclusion it was unnecessary, and that the same had been procured and furnished in bad faith. In such case, the board of supervisors should refuse to pay therefor.

The plaintiff was bound to know for whom the clothing was desired. He therefore must take notice and determine at his peril whether it was suitable, and, possibly, necessary. There is no pretence the clothing procured of the plaintiff was not of that character, unless it became so because the sheriff had failed to have certain other clothing washed. Now, was the plaintiff bound to inquire whether the sheriff had failed to do his duty in this respect, conceding such was the sheriff's

duty? We think not. The plaintiff was not bound to solve at his peril the legal proposition as to the duty of the sheriff. Nor was he bound to know more than that the clothing was suitable and necessary. Indeed, there are some doubts as to whether he was bound to determine anything more than that it was suitable. We do not think, in view of the discretion reposed in the sheriff, the fact that the sheriff failed to have the prisoners' clothing washed had any tendency to show bad faith on the part of the plaintiff, when there was no evidence tending to show the plaintiff had any knowledge that the sheriff had so failed.

AFFIRMED.