Miller v. Dickinson County.

MILLER v. DICKINSON COUNTY.

1. **Pleading:** STRIKING OUT UNNECESSARY MATTER. It is not reversible error to sustain a motion to strike from an answer matter which constitutes no defense, or which, if it does constitute a defense, may be proved under the general issue.

2. **County:** LIABILITY FOR SUSTENANCE OF PRISONER WHILE IN CUSTODY. The sheriff has power to bind the county for necessaries for a prisoner while in his custody awaiting a preliminary examination; (*Feldenheimer v. Woodbury Co.*, 56 Iowa, 379;) and where the circumstances are such that the prisoner cannot be confined in the county jail, (where there is one,) the county is responsible for necessaries furnished him while in custody elsewhere. So *held* in this case, where the prisoner had been shot while resisting the officer in arresting him, and his physical condition did not admit of his confinement in the jail, nor of his having a speedy trial.

3. ———: ———: ORDER OF JUSTICE OF PEACE. In such case, an order made by the justice who issued the warrant, directing the sheriff to "keep the prisoner in some safe place, and provide for his necessities until he is able to be brought before a magistrate for trial," was a nullity, as it was the sheriff's duty to do so without any such order.

4. **Evidence:** HARMLESS ANSWER TO IMPROPER QUESTION. It is not reversible error to direct an answer to be made to an improper question, when the answer proves to be without prejudice to the appellant.

5. **Husband and Wife:** RIGHT OF HUSBAND TO RECOVER FOR JOINT SERVICES. Where a husband and wife live together, and are not engaged in separate employments, and they board and care for a wounded man at the county's expense, the husband may recover for the earnings of his wife as well as for his own, and such recovery will be a bar to an action by the wife.

6. **County:** LIABILITY FOR SUSTENANCE OF PRISONER WHILE IN CUSTODY: LEGALITY OF ARREST IMMATERIAL. In an action against a county for the sustenance of a prisoner, at the sheriff's request, while in custody awaiting an examination, the question whether the arrest was legally made is not material.

7. **Jury:** TAKING PAPERS TO JURY ROOM. It is not error to allow the jury to take papers introduced in evidence, other than depositions, with them to the jury room.

*Appeal from Clay District Court.*

THURSDAY, DECEMBER 17.

ACTION to recover for attendance on and boarding a prisoner charged with crime. Trial by jury. Verdict and judgment for the plaintiff. The defendant appeals.

*Rice & Begun* and *Parker & Richardson*, for appellant.

*Cory & Satchwell*, for appellee.

SEEVERS, J.—The evidence tended to show that the marshal of the town of Spirit Lake was making the attempt to arrest one Miller, who resisted such arrest. The marshal called on the sheriff to assist him, and in making the arrest Miller was shot and dangerously wounded. An information was filed, charging that Miller had resisted an officer in the discharge of his duties. A warrant was issued, and thereunder Miller was arrested by the sheriff; but he was so dangerously wounded that he could not be committed to jail or have his preliminary examination. Thereupon the sheriff employed the plaintiff to board and take care of him, and this action was brought to recover for the services rendered.

I. The defendant pleaded that Miller was engaged in the act of violating the ordinance of the town of Spirit Lake, 
1. PLEADING: striking out unnecessary matter. 
and that, in making the arrest for such violation, Miller was wounded, and therefore said town was liable for the care and attendance furnished by the plaintiff. On motion, this defense was struck out. At most, this was error without prejudice. The burden was on the plaintiff to show the liability of defendant. If he failed to do this, it was immaterial whether the town was liable or not. If the liability of the defendant was established, it was equally immaterial whether the town was liable. In short, the matter pleaded did not constitute a defense to this action; and, if it did, the evidence in relation thereto was admissible under the general issue.

II. It is said that the court erred in admitting the information, warrant and return thereof, in evidence. The papers

2. COUNTY: liability for sustenance of prisoner while in custody. so introduced were sufficiently identified, and were admissible and material as tending to prove that Miller was in the custody of the sheriff. It is true, they did not show that Miller had been committed to the jail of the county for trial and examination, and this we understand presents the material question in this case. Counsel for appellant contend that it is only where a prisoner has been so committed that a county is liable for his support. The Code provides: "All charges and expenses of safe-keeping and maintaining   *   *   *   persons charged with public offenses, and committed for examination or trial to the county jail, shall be paid from the county treasury." Code, § 4735. "The keeper [sheriff] of each jail must furnish necessary bedding, clothing, fuel and medical aid for all prisoners under his charge, and keep an account of the same." Code, § 4727. From the time of the arrest under the preliminary information and warrant for resisting a public officer, the prisoner must be regarded, under the evidence in this case, as being in the custody of the sheriff. The preliminary examination did not take place, simply for the reason that the prisoner was unable, because of his condition, to plead to or admit or deny the accusation. The sheriff did what any humane man was bound to do, and that is, have him taken care of, and furnished with such reasonable care and sustenance as his condition required. If this could be done in the jail, that was the proper place, but the evidence tends to show there was no jail. But if in fact there was, the sheriff was vested with a discretion in the premises, and there is no pretense that he acted in bad faith, or even injudiciously exercised the discretion reposed in him. The prisoner being in the custody of the sheriff, it was the duty of the latter to supply him with the necessaries of life suitable to his condition until the preliminary examination. It no doubt will be conceded that if the sheriff makes an arrest he may confine the prisoner in jail pending the preliminary examination, and that he may during such time

provide him with the necessaries of life at the expense of the county. In legal contemplation this is what the sheriff did, and he from the time of the arrest was responsible for the appearance at the preliminary examination of the prisoner, which in fact took place subsequently. The sheriff had the power to contract for necessaries for the prisoner, during the time he was in custody, at the expense of the county. *Feldenheimer v. Woodbury Co.*, 56 Iowa, 379. This case is in point, except that the supplies were furnished to a prisoner in jail; but we think this is not a controlling fact. If the prisoner cannot be confined in jail, he must be somewhere else, and the county is responsible for necessaries furnished him, if the circumstances were such that the prisoner could not be confined in jail.

III. The justice of the peace who issued the warrant made an order "that the sheriff keep the prisoner in some safe place and provide for his necessities until he is able to be brought before a magistrate for trial." To the introduction of this order in evidence the defendant objected, and the objection was overruled. It should have been sustained, because such an order is a nullity. The justice had no authority to make it. The prisoner was in the custody of the sheriff, and the justice could not in any respect control or direct the sheriff, whose duties in this respect are prescribed by the warrant and law. So far as the liability of the county is concerned, the order is wholly immaterial. But the error was not prejudicial. The liability of the county, as we have seen, existed independent of the order, and results from the arrest and custody of the prisoner by the sheriff. But it is said there was not any arrest, because the prisoner was not taken before the justice. The arrest was fully consummated when the sheriff took the prisoner into custody.

*3. ——: ——: order of justice of peace.*

IV. The sheriff was asked, when on the stand as a witness: "State what you did pursuant to receiving this warrant." This was objected to, because not the best evidence. The objection was overruled. It may be conceded that the return on the warrant

*4. EVIDENCE: harmless answer to improper question.*

was the best evidence as to the arrest. But the evidence elicted in reply to this question clearly was not prejudicial. The evidence merely showed when the prisoner was arrested, in addition to what is contained in the return.

V. The bill presented to the board of supervisors by the plaintiff was for services performed by himself and wife. The board refused to pay any part of it, and it will be conceded that afterwards the plaintiff's wife made an assignment of the amount claimed to be due her to him. There is nothing which indicates that the plaintiff and his wife were living separate and apart, or that she was engaged in any separate employment. But the contrary fairly appears. The plaintiff, therefore, was entitled to the personal earnings of his wife. If the board had allowed and paid the bill to the plaintiff, it would have been a bar to a recovery by plaintiff's wife. It was therefore immaterial whether the claim had been assigned at that time or whether it ever was. The first instruction, therefore, asked by the defendant was properly refused. It should be stated that in one count of the petition the plaintiff seeks to recover for both his own services and those of his wife, and in another count he seeks to recover for his wife's services because she had assigned her claim to him. The plaintiff, in our opinion, was entitled to recover for all the services performed, under the first count. *Lyle v. Gray*, 47 Iowa, 153. For the reasons heretofore stated, the second instruction asked was properly refused, and from what has been said no prejudicial error was committed in refusing the third instruction asked. The fourth and fifth instructions refused present the question whether the plaintiff can recover if there was no arrest of the prisoner. These instructions were properly refused, simply because the return on the warrant shows the arrest and custody of the prisoner by the sheriff. It was not essential, in order to constitute an arrest, that the sheriff should have informed the the prisoner of his intention to make the arrest, and that he was a peace officer. Possibly the

*Margin notes:* 5 HUSBAND and wife: right of husband to recover for joint services.

6. COUNTY: liability for sustenance of prisoner while in custody: legality of arrest immaterial.

prisoner would ordinarily be entitled to such information, but the legality of the arrest, as between these parties, was in no manner affected by the sheriff's failure in these respects. From what has been said, it follows that the instructions of the court are, in our opinion, correct or not prejudicial.

It is said that the motion for a new trial should have been
7. JURY: taking papers to jury room.
sustained, because certain papers introduced in evidence were taken by the jury when they retired to consider as to their verdict. It does not appear that any of said papers were depositions, and therefore the court did not err in this respect.

AFFIRMED.