(No. 30120.—

THOMAS J. FRIEL *et al.,* doing business as Chicago Surface Lines, Defendants in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BRYAN W. MOAK, Plaintiff in Error.)

*Opinion filed November 20, 1947.*

GEORGE L. REILLY, of Chicago, for plaintiff in error.

WILLIAM S. ALLEN, THOMAS F. REILLY, and ARTHUR J. DONOVAN, (WILLIAM J. FLAHERTY, of counsel,) all of Chicago, for defendants in error.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error seeks to reverse the judgment of the superior court of Cook County reversing the order of the Industrial Commission awarding him compensation for an injury sustained on October 19, 1943, while he was working as a motorman in the employ of the defendants in error. He was originally awarded compensation by the arbitrator, which award was approved by the Industrial Commission but reversed by the superior court.

It appears from the record that at about 6:20 P.M. on the day of the injury, plaintiff in error was operating a westbound streetcar on Seventy-fifth Street in Chicago. He prepared to stop the car at Stewart Avenue, a regular stop on the line, to allow some passengers to alight. The car had almost come to a stop, and he was getting ready to open the door when he heard someone shout "Look out." He turned his head to see what was happening just as something struck and shattered the front middle window of the car, and a fragment of glass from the broken window entered his left eye. He brought the car to a stop, and then was taken by a passing motorist to a doctor. After two years of treatment the vision in the injured eye was reduced to 20/200, being complete industrial loss of sight.

The foregoing facts are uncontroverted. There is some disagreement over what struck the streetcar window. Plaintiff in error claims that there is no competent proof at all on the question, while respondents say, on the basis of the testimony of Thomas Geary, that it was a football thrown by a boy standing on the north sidewalk to another boy across the street. Plaintiff in error points to the fact that the object which struck the window was never found. However, in our opinion it is immaterial what struck the car window.

The sole question involved here is whether the injury sustained by plaintiff in error arose out of his employment

as a motorman. It is conceded that it was accidental, and in the course of his employment. The position of defendants in error is that the cause or force which broke the glass must be shown to have had its origin in some risk of employment; that there must be a causal relation between it and the employment; and that the throwing of the football was a voluntary act of a third party, unconnected with the employment. It is argued that a football may be thrown anywhere, and is therefore not a peculiar street risk as is a collision with a vehicle, which is a traffic accident. It is further argued that the motorman was not subjected to any greater risk than anyone else passing along the street, as the football could have just as easily struck a pedestrian or an automobile as a streetcar.

We have recently had occasion to re-examine the application of the Workmen's Compensation Act to accidents arising out of the risks of the street. In *City of Chicago* v. *Industrial Com.* 389 Ill. 592, the leading cases were examined at great length, and we concluded that a person whose duties as a license inspector required him to walk from place to place around the city of Chicago was entitled to compensation for injuries received when he stubbed his toe on a curbing. We there said, "The rationale to be deduced from all the cases is that the risks of the street may, depending upon the circumstances, become risks of the employment. Where, therefore, the proof establishes that the work of the employee requires him to be on the street to perform the duties of his employment, the risks of the street become one of the risks of the employment, and an injury suffered on the street while performing his duty has a causal relation to his employment, authorizing an award under the Workmen's Compensation Act. Applying such rule to the present case, it seems that defendant in error by travelling from place to place upon the streets to investigate those who were required to hold licenses, was exposed to risks of accidents in the street to a greater

degree than if he had not been so employed. In such case, he comes clearly within the rule laid down in the *Mueller case,* [283 Ill. 148,] the *Permanent Construction Co. case,* [380 Ill. 47,] and the *Borgeson case,* [368 Ill. 188,] and was entitled to an award." Our decisions in *Hinckley & Schmitt* v. *Industrial Com.* 391 Ill. 577, and *Olson Drilling Co.* v. *Industrial Com.* 386 Ill. 402, reach a similar conclusion.

It is well known that children play in the streets, particularly in a city of the size and density of population of Chicago. Under the facts of this case the hazard caused by activities of play is as much a risk of the street as is the ordinary traffic accident. It therefore follows that, under the doctrine of *Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148, as expounded in *City of Chicago* v. *Industrial Com.* 389 Ill. 592, plaintiff in error's injury was compensable.

The judgment of the superior court of Cook County is reversed, and the award of the Industrial Commission is confirmed.

*Judgment reversed; award confirmed.*