Jennie Hayes, Appellant, v. Marshall Field and Company, and Leonard Mulder, Appellees.

Gen. No. 45,930.

Opinion filed September 29, 1953. Released for publication November 12, 1953.

Askow & Stevens, of Chicago, for appellant; Irwin J. Askow, and Richard James Stevens, both of Chicago, of counsel.

McNamara, Voigt, Greene & Nordstrand, of Chicago, for certain appellee; William Greene, of Chicago, of counsel.

Robert A. Wilbrandt, of Chicago, for certain other appellee.

Mr. Justice Tuohy delivered the opinion of the court.

Plaintiff, Jennie Hayes, brought suit against her employer, Marshall Field and Company, and a fellow employee, Doctor Leonard Mulder, for damages occasioned by injury from a dust particle which lodged in her eye and aggravated by Mulder in attempting to remove the same. From an order dismissing the complaint on the ground that plaintiff's common-law right of action was superseded by the Illinois Workmen's Compensation Act, plaintiff appeals.

The material facts, set forth in the complaint and the affidavits pro and con on the motions to dismiss the complaint, establish that on December 20, 1949, plaintiff was employed by defendant Marshall Field and Company as a clerk in a basement floor department; that defendant Dr. Leonard Mulder was employed by Marshall Field and Company as a staff physician in its medical department located in the store receiving an hourly rate compensation, and his duties consisted of rendering first aid medical services to injured employees of the company; that while plaintiff was at work upon the premises she passed a woman in a janitress' outfit who was waving a duster over her head, and shortly afterwards plaintiff felt something in her eye; that she was directed to Dr. Mulder's office for treatment; that Mulder started to explore her right eye with a metal instrument "when I suddenly felt something pierce my eye"; that as a result she lost the sight of the eye.

The motions to dismiss were sustained on the ground that plaintiff's injury resulted from an accident which arose out of and in the course of her employment by the defendant Marshall Field and Company and was barred by section 6 (now section 5) of the Workmen's Compensation Act (Ill. Rev. Stat. 1949, chap. 48, par.

143 [Jones Ill. Stats. Ann. 143.21; now Ill. Rev. Stats. 1951, ch. 48, § 138.5; Jones Ill. Stats. Ann. 143.68]), for the reason that plaintiff and both defendants were subject to and bound by said Act.

Plaintiff contends that, insofar as Marshall Field and Company is concerned, the injury is not compensable under the Workmen's Compensation Act for the reasons (1) that the dust particle which lodged in the eye was not caused as a result of any peculiar hazard of employment, and (2) that an injury received from medical treatment does not arise out of the course of employment and is not compensable under the Act.

██ Our Supreme Court in a number of cases involving similar facts has held that an injury such as the plaintiff received is compensable under the Workmen's Compensation Act of this State. In *General Electric Co. v. Industrial Commission*, 411 Ill. 401, the Supreme Court affirmed an award in favor of an employee for an eye injury where the evidence showed that the employee was cleaning the face of a drill press when a foreign object, the nature of which he did not know, struck him in the left eye; that on the following day it became painful and eventually it was necessary to surgically remove the eye. Although in that case the employee did not know the source of the particle which struck him, the award in favor of the employee was sustained. In *City of Chicago v. Industrial Commission*, 389 Ill. 592, claimant was employed as a license investigator. While proceeding about his duties he stubbed his toe in stepping up to a sidewalk and filed a claim. The Supreme Court in sustaining the claim said (p. 601):

"The rationale to be deduced from all the cases is that the risks of the street may, depending upon the circumstances, become risks of the employment. Where, therefore, the proof establishes that the work

of the employee requires him to be on the street to perform the duties of his employment, the risks of the street become one of the risks of the employment, and an injury suffered on the street while performing his duty has a causal relation to his employment, authorizing an award under the Workmen's Compensation Act."

To the same effect are *Friel v. Industrial Commission,* 398 Ill. 361, and *Mueller Const. Co. v. Industrial Board,* 283 Ill. 148. Under the authority of these cases we think it clear that the injury, at least so far as it was caused by the dust particle, was compensable, and that being so, under the doctrine of *O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244, the common-law right of an employee against the employer is extinguished.

 Plaintiff in support of her contention that the lodging of the spec of foreign matter or dust in her eye occurred as a result of a risk common to all persons and not peculiar to the particular business of plaintiff's employer cites the following authority: In the case of *Gooch v. Industrial Commission,* 322 Ill. 586, claimant was employed as a helper on an ice truck, and while walking across the sidewalk to a customer's residence he was hit in the eye by a dart-throwing device exploded by children on the street. The Supreme Court, in denying compensation to the claimant, said: "The firing of the dart-throwing device had no connection with the business of his employer nor was the risk attending the firing of such device one peculiar to the street." The same principle is enunciated in *Great American Indemnity Company v. Industrial Commission,* 367 Ill. 241, and *Cummings v. Industrial Commission,* 389 Ill. 356. However, we think these cases distinguishable upon the grounds that at the time the injury here under consideration occurred, plaintiff was on the employer's premises engaged upon the employ-

er's work and was injured through the action of a co-employee.

Plaintiff urges that the aggravated injury—or the new injury to the eye caused by negligent medical treatment—is not compensable under the Workmen's Compensation Act. Relied upon are the cases of *Jefferson Printing Co. v. Industrial Commission,* 312 Ill. 575, *Stables v. General Motors Corp.,* 315 Mich. 654, *Becker Asphaltum Roofing Co. v. Industrial Commission,* 333 Ill. 340.

In the *Jefferson* case the employee was given a smallpox vaccination by the company doctor and later died. The court held that vaccination is not an incident of the employment and there was nothing shown to indicate that the erysipelas germs which caused the death were occasioned by anything from the nature or place of the employment. This case is distinguishable on the facts for the reason that in the instant case there was evidence to show that the injury was occasioned by acts of fellow employees and did arise out of the course of the employment.

In the *Stables* case the employee had a wart on her arm which she treated at home by placing acid on the wart. Later she went to a company doctor for treatment of the burn and claimed that as a result of the doctor's treatment her arm became inflamed and she was unable to work. This case is not in point because the injury for which the employee was treated arose out of no risk of her employment, but occurred at her home as a result of self-administered medical treatment. The fact that she later went to a company doctor does not change the basic fact that he attended her for no injury arising out of the employment.

In the *Becker* case the employee was on his way to a company picnic when his automobile was struck by a train at a railroad crossing. The facts are not at all

similar to the instant case. Furthermore, the "common hazard" doctrine of that case has been brought into considerable question by the later cases of *City of Chicago v. Industrial Commission*, 389 Ill. 592, and *Friel v. Industrial Commission*, 398 Ill. 361.

Facts very similar to those here involved were present in the case of *Greene v. Walgreen Co.*, 317 Ill. App. 148, and the decision there supports the conclusion at which we have arrived. There plaintiff was employed as cashier for the defendant drug company and was given medication for an illness which occurred while she was at work. A shoulder injury was sustained during convulsions which followed the medical treatment. The court held that the injury occurred out of and within the course of her employment.

 We think it clear, so far as the employer Marshall Field and Company was concerned, that plaintiff's injury was compensable under the Illinois Workmen's Compensation Act and that no common-law right against the employer existed.

The contention is made that defendant Mulder is liable to plaintiff regardless of the liability of Marshall Field and Company. Plaintiff in her reply brief argues that by virtue of the doctrine of *Grasse v. Dealer's Transport Co.*, 412 Ill. 179, there is preserved to an employee a common-law right of action to sue a co-employee in damages even though no such right exists to sue the employer. The *Grasse* case is not authority for this proposition. That case holds in effect that paragraph 1 of section 29 [Ill. Rev. Stats. 1949, ch. 48, § 166; Jones Ill. Stats. Ann. 143.44] (now combined in section 5) of the Workmen's Compensation Act, which relieves a third-party tort-feasor from common-law liability if such party as well as the employer of the injured party is under the Workmen's Compensation Act, is unconstitutional. It does not deal with the rights

335

and liabilities of co-employees, and there can be read into the case no meaning that a co-employee may be liable in a common-law action even though his employer is relieved of such liability under the Act. The case does not affect paragraph (a) of the present section 5 (Ill. Rev. Stat. 1951, chap. 48, par. 138.5), which provides:

"No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act . . . ."

██ We think the language of the Workmen's Compensation Act treats both employer and employee upon common grounds insofar as any liability exists to answer for damages in an action by a fellow employee.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

Schwartz, P. J. and Robson, J., concur.