(No. 38823.—

Central Waxed Paper Co. *et al.*, Appellants, *vs.* The Industrial Commission *et al.*—(John Kotulia a/k/a John Kotulla, Appellee.)

*Opinion filed January 21, 1965.*

Francis M. Discipio, Richard H. Williams, and Gerard A. Facchini, all of Chicago, for appellants.

Thomas L. Ruth, Jr., of Barrington, for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

John Kotulla, herein called petitioner, was injured in the course of his employment at the shipping room and loading dock of Central Waxed Paper Co., where his duties included the operation of a hydraulic fork lift truck. He also sometimes drove company vehicles on the public streets. The arbitrator's award of permanent total disability was confirmed by the Commission and the decision of the Commission was affirmed by the circuit court. The respondent employer appeals.

The evidence warranted the conclusion that as a result of the accident the petitioner's left eye was turned inward, the sight of that eye was destroyed and the sixth cranial nerve was so damaged that the ability to turn his right eye laterally to the right was lost. There was testimony that the right eye was also slightly turned in. He suffered a fracture of the jaw and a fracture of the base of the frontal area of the skull. An electroencephalogram showed "minimal focal slow activity in the left temporal and anterior temporal region." His hearing was impaired and he suffered from headaches for which a vasodilator had been prescribed.

The employer's contentions seem to be that the award is against the manifest weight of the evidence (1) because there was evidence that there had been chorioretinitis in the petitioner's left eye prior to the accident, and (2) because there was not a total loss of the visual field of the right eye. As to the first point, there is no evidence that the vision in petitioner's left eye was seriously impaired prior to the accident, and as to the second, total loss of all vision is not required to support a conclusion of industrial blindness. *Friel* v. *Industrial Com.* 398 Ill. 361; see also *Lambert* v. *Industrial Com.* 411 Ill. 593.

When the case was heard before the arbitrator, the petitioner had been examined by at least ten doctors at the instance of the employer. At that hearing the employer called only one of these doctors. One of them was called by

petitioner, and the petitioner also offered the testimony of four other doctors. After the arbitrator had made his award, the petitioner was examined by two additional doctors at the instance of the employer, who called these two doctors as witnesses at the hearing on review by the Commission. The Commission was entitled to draw appropriate inferences from the unexplained and unusual selectivity of the employer in its presentation of medical testimony. Wigmore on Evidence, 3rd ed., secs. 285, 290.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*