FRANK J. KOMEL, Plaintiff-Appellant, *v.* COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 76-1277

Opinion filed December 28, 1977.—Rehearing denied February 9, 1978.

John M. Cannon, of Chicago (Chadwell, Kayser, Ruggles, McGee & Hastings, of counsel), for appellant.

Douglas F. Stevenson and Phillip B. Allen, both of Chicago (Rooks, Pitts, Fullagar & Poust, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The plaintiff, Frank J. Komel, appeals from an order of the trial court dismissing his complaint with prejudice as to both defendants,

Commonwealth Edison Company and Dr. Harry R. Freeman, and from the denial of his motion to vacate that order of dismissal.

Plaintiff, while working as a lineman for Edison, fell and struck his back against a tree. On the same day he sought treatment for his injury at a medical facility operated by Edison, where he was examined and treated by the co-defendant, Dr. Freeman. Both Edison and the doctor take the position that the latter was in Edison's employ. Plaintiff obtained a workmen's compensation award for a fractured vertebra suffered in the course of his employment based upon an absence of an aggravation of the injury and no working disability. Plaintiff then commenced the present action at law to recover damages for aggravation of such injury, alleging that Dr. Freeman negligently treated him.

Edison based its motion to dismiss the complaint on the ground that under section 5 of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5) (hereinafter the Act), the exclusive remedy for an employee against his employer for injuries sustained while in line of his duty as an employee, is provided by the Act. Dr. Freeman's motion to dismiss, also grounded on section 5 of the Act, stated the Act relieved him of any liability from any suit by a fellow employee for injuries sustained in the line of the fellow employee's duties.

Dr. Freeman's motion to dismiss was supported by his own affidavit as well as those of Dr. W. Harrison Mehn, Edison's medical director, and Robert L. Stauder, Edison's supervisor of records and benefits. These affidavits recited the following facts: Dr. Freeman had been employed by Edison as a physician for 18 years. He currently was the staff physician at Edison's medical facility located in Lombard, Illinois, where Edison supplies all facilities, staff, and supplies. He was employed on an annual basis and received a monthly salary from Edison. His salary did not depend on the number of employees he treated. Dr. Freeman's personnel status and treatment, including his eligibility for a pension and group medicial insurance, were identical to those of other Edison employees. Edison paid social security contributions on his behalf. His duties included medical treatment and examination of Edison employees who sustained injuries during their employment. Neither Edison nor the doctor made any charge for medical services he provided to Edison employees injured at work. Dr. Freeman was employed for a fixed number of hours per week. Dr. Mehn designated the number of hours and also the locations where Dr. Freeman worked. Edison provided the personnel at all facilities to which Dr. Freeman was assigned. These facilities were available only to Edison employees. As medical director, Dr. Mehn had the right to designate who was to be treated, the manner of treatment, and could prescribe all rules and regulations governing treatment of Edison employees, including types of injuries to be treated

and when outside consultants could be used. Dr. Mehn had the right to review the performance of doctors employed by Edison and to discharge them.

Plaintiff's motion to vacate the dismissal order was supported by his affidavit reciting that he did not know Dr. Mehn, that he neither consented nor would consent to control of Dr. Freeman's treatment of him by Dr. Mehn. Plaintiff did not consider Dr. Freeman a fellow employee and was not familiar with the details of any contractual arrangements between the co-defendants. The affidavit further stated that Dr. Freeman was engaged by Edison as an employee only in connection with routine and special incident physical examinations such as those Edison required to establish or confirm physical fitness to perform normal duties of employment; that all services by Dr. Freeman as a treating physician for injury or ailment were ordered subject to his professional responsibility to direct and control the manner of treatment; and that Dr. Mehn had no right to control the manner of treatment.

Edison filed additional affidavits relating to Dr. Freeman's status as its employee and referring to payroll records, employee history cards, management payroll advices, and Dr. Freeman's election to obtain a marital service annuity. The trial court denied plaintiff's motion to vacate the order of dismissal.

■■ Plaintiff initially argues that the aggravation of his back injury was not incurred while he was engaged "in the line of his duty" as an employee within the meaning of section 5(a) of the Act. Since this section is applicable only if the injuries received are compensable, the "line of duty" test has been construed as being identical to the general test of compensability under the Act; that is, covering injuries which "arise out of and in the course of employment." (*Sjostrom v. Sproule* (1965), 33 Ill. 2d 40, 43, 210 N.E.2d 209.) An employer's liability under the Act extends to the aggravation of an injury caused by medical treatment. *Lincoln Park Coal & Brick Co. v. Industrial Com.* (1925), 317 Ill. 302, 148 N.E. 79.

■■ In the present case, plaintiff's original back injury undisputedly was incurred in the course of his employment. Moreover, under Illinois case law, the aggravation of that injury, allegedly caused by the malpractice of the treating physician, also was sustained while he was engaged in his line of duty as an employee, whether the damage caused to plaintiff is considered an aggravated injury or a new injury. (*Hayes v. Marshall Field & Co.* (1953), 351 Ill. App. 329, 115 N.E.2d 99; *Greene v. Walgreen Co.* (1942), 317 Ill. App. 148, 45 N.E.2d 690 (abstract).) In *Hayes,* an employee who had a dust particle enter her eye while at work went to a staff physician to have the particle removed. The doctor's attempt to explore the eye with a metal instrument caused the loss of her eyesight. In *Greene,* an employee given medication for an illness which

occurred while she was at work had convulsions and a shoulder injury as a result. In each of these cases, the courts held that the injuries caused by medical treatment they received occurred in the course of the employee's duties. The trial court in the instant case properly dismissed the suit against Edison.

■■ So far as the action against Dr. Freeman is concerned, the controlling principle is that section 5 of the Act bars all common law actions by an employee against a fellow employee, where the parties were covered by the Act and the injury arose out of and in the course of employment (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434; *Williams v. Country Mutual Insurance Co.* (1975), 28 Ill. App. 3d 274, 328 N.E.2d 117.) Again here, *Hayes v. Marshall Field & Co.* is directly in point and bars the plaintiff from any right of recovery under a common law negligence theory against Dr. Freeman if the latter was an Edison employee. Plaintiff attempts to minimize the significance of *Hayes* by arguing that it was based upon former section 29 of the Act which was held unconstitutional in *Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 106 N.E.2d 124. Plaintiff's argument, however, ignores the manner in which the court in *Hayes* distinguished *Grasse*. *Grasse* did not involve an action against plaintiff's employer or a fellow employee. The defendant in *Grasse* was a third party covered by the Act, but unrelated to plaintiff and his employer. *Grasse*, as pointed out in *Hayes*, "does not deal with the rights and liabilities of co-employees"; it does not hold that a co-employee may be liable in a common law action even though his employer is immunized from such an action by the Act. Rather, as the court in *Hayes* concluded:

> "We think the language of the Workmen's Compensation Act treats both employer and employee upon common grounds insofar as any liability exists to answer for damages in an action by a fellow employee." 351 Ill. App. 329, 336.

■■ The plaintiff contends additionally that Dr. Freeman was not an Edison employee, and so not relieved from liability in the present suit. In determining whether Dr. Freeman was employed by Edison, the predominant factor is whether Edison had the right to control the manner in which he performed his work. (*Immaculate Conception Church v. Industrial Com.* (1947), 395 Ill. 615, 71 N.E.2d 70; *Nordland v. Poor Sisters of Saint Francis* (1955), 4 Ill. App. 2d 48, 123 N.E.2d 121.) Other relevant indicia include whether compensation is on a time basis or by the job; the right to discharge; the nature and duration of the occupation; who furnishes materials, equipment and tools, as well as personnel to assist the employee; and the right to control the hours, place and scope of work. *Lawrence v. Industrial Com.* (1945), 391 Ill. 80, 62 N.E.2d 686; *Bristol & Gale Co. v. Industrial Com.* (1920), 292 Ill. 16, 126 N.E. 599.

Applying the foregoing criteria to Dr. Freeman, it is clear that he was an Edison employee. His hours of work were regulated by Edison, which also provided places and facilities where he was to perform his work. Edison employed all of his support personnel. He had been employed in the same capacity for 18 years. He was paid on an annual basis, and the salary paid him by Edison did not depend on the number of patients treated or the nature of the treatment. Nor did he charge individual patients. Edison made social security contributions on his behalf. His personnel status was identical to other salaried employees, and he was eligible for annuity and group medical expense insurance provided by Edison to its employees. Dr. Mehn had the right to discharge Dr. Freeman and to control the scope of treatment. It should also be noted that in his complaint plaintiff charged that the medical facility where he was treated "was operated by Commonwealth Edison" under the "professional direction and supervision" of Dr. Freeman, the "company physician."

The only evidence contradicting the affidavits and exhibits supplied by the defendants was plaintiff's affidavit. Giving full effect to it, it does not rebut the affidavits and exhibits supplied by the defendants nor does it raise a genuine and material issue of fact as to whether plaintiff and Dr. Freeman were fellow employees. Plaintiff's statements that Edison's contract with Dr. Freeman was not disclosed to him at the time he was treated; that Dr. Freeman was not a full-time employee; that he carried on a substantial medical practice at other locations unrelated to Edison; and that Dr. Freeman worked for Edison only three to six hours per week (whereas the record produced by Edison indicated that he worked approximately 21 hours per week) are all irrelevant to the determination of whether Dr. Freeman was an Edison employee.

Plaintiff also asserts that Dr. Freeman was not an Edison employee because neither Dr. Mehn nor any other Edison official had the right to control or direct the treatment received. The basis of this assertion is that such direction and control were the sole responsibilities of Dr. Freeman because of the physician-patient relationship existing between him and the plaintiff. Plaintiff's assertion is a legal conclusion, and he points to nothing in the law which precludes a physician from being employed by a hospital or other business activity, and being subjected to the control and direction of his employer's officials while treating patients. The insufficiency of plaintiff's assertion is demonstrated by *Nordland v. Poor Sisters of Saint Francis,* a decision upon which plaintiff relies. The issue in that case was whether an intern could be an employee of a hospital. The court set forth the factors to be considered. It found that the hospital provided the facilities, room and board, assistants and nurses, equipment, and possessed the right to discharge. In light of these factors the court

held he was an employee. There is no significant difference for the purposes of this case between the relationship of the intern and hospital in *Nordland* and that between Dr. Freeman and Edison. Dr. Freeman was under the direction and control of Dr. Mehn. The undisputed right Dr. Mehn had to discharge Dr. Freeman brought the latter under Edison's control since his failure to comply with policies established by Dr. Mehn, simply put, would subject him to discharge.

Plaintiff has referred us to the American Medical Association's Principles of Ethics which inform doctors that they should not dispose of their services under conditions which would impair the free and complete exercise of their medical judgment and skill. It is neither necessary nor appropriate for this court to construe this ethical guide because it does not replace the legal concepts which must be applied in determining whether an employer-employee relationship exists between a physician and a hospital or other business activity.

■■ When all the affidavits are viewed together, they may reflect some inconsistencies or contradictions. However, they do not reveal any genuine or material issue of fact with respect to the inquiries relative to plaintiff's cause of action: whether he was injured in the course of his employment, and whether Dr. Freeman was a fellow employee. On the basis of the undisputed facts presented, both questions, as a matter of law, can be answered in the affirmative. It is true that if a material and genuine issue of fact is raised, a trial court may not weigh the evidence set forth in the affidavits and counteraffidavits before it, and deny a trial on the merits. (Ill. Rev. Stat. 1975, ch. 110, par. 48(3); *Greenstein v. Nogle* (1972), 5 Ill. App. 3d 594, 283 N.E.2d 492.) In this case, however, the trial judge did not err in concluding there was no material and genuine issue of fact. Clearly, Dr. Freeman was an Edison employee whose treatment of plaintiff was in his course of employment as a staff physician.

■■ The plaintiff finally contends that by precluding an employee from recovering from a co-employee, section 5 of the Act is unconstitutional as a violation of equal protection. In *O'Brien v. Rautenbush* (1956), 10 Ill. 2d 167, 139 N.E.2d 222, our supreme court stated the legislative purpose behind section 5 and upheld its constitutionality. In a later case, *Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill. 2d 618, 161 N.E.2d 812, the court overruled the *O'Brien* decision only regarding the common law remedy of an employee under the Act against a third party. The court adhered to its decision that the purpose underlying section 5 is a proper basis for precluding a common law action by an employee against a co-employee based on the latter's negligence during the course of their employment. That ruling is controlling here. Plaintiff maintains, however, that physicians should be considered as third-party tortfeasors, and not be given immunity. Yet the

legislature chose to make no distinction in the classes of employees covered by the Act. Based on Illinois case law, the Act did not arbitrarily violate equal protection in classifying physicians with other employees as immune. See *Jaris v. School Teachers' Pension & Retirement Fund* (1974), 58 Ill. 2d 15, 317 N.E.2d 51.

For the reasons stated, the order of the circuit court of Cook County dismissing plaintiff's complaint as to both defendants is affirmed.

Order affirmed.

JIGANTI and McGILLICUDDY, JJ., concur.