CHAUNCEY YOUNG, Plaintiff-Appellant, v. ST. ELIZABETH HOSPITAL *et al.*, Defendants (Dr. Theodore Zmigrodski, Defendant-Appellee).

First District (2nd Division)   No. 84—1041

Opinion filed February 11, 1985.

Susan E. Loggans & Associates, of Chicago, for appellant.

Rooks, Pitts & Poust, of Chicago (Jerome N. Groark, David H. Kistenbroker, and Philip L. Comella, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, an employee of Stewart-Warner Corporation (Stewart-Warner), brought suit against defendants, alleging negligent treatment of his injuries sustained on the job and while in the course of his employment at Stewart-Warner's plant. Plaintiff appeals from the dismissal of his third amended complaint against Dr. Zmigrodski, a company doctor (doctor), with prejudice, on the grounds that his

cause of action was barred by the exclusive-remedy provision, section 5(a) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.5(a)). The dismissal order contained appropriate Supreme Court Rule 304 language. 87 Ill. 2d R. 304.

On July 25, 1977, when plaintiff sustained injuries to his left leg, he received treatment by the doctor at the medical facility on the plant's premises. Approximately one month later he was admitted to St. Elizabeth Hospital by the doctor for further care. Plaintiff filed a worker's compensation claim in connection with his injury and obtained a lump sum settlement. The doctor sent no bill to plaintiff for medical services rendered either at the plant or at the hospital.

This litigation arose when plaintiff filed a common law medical malpractice suit against the doctor and others. The doctor's section 2—619 (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) motion, alleging that the exclusive-remedy provision of the Act precluded plaintiff's common law cause of action, was supported by an affidavit of a vice president of Stewart-Warner purporting to establish that the doctor was an employee of Stewart-Warner at all relevant times. The circuit court's order granting the doctor's motion was based upon the finding that plaintiff and the doctor were co-employees and that the treatment rendered to plaintiff was within the scope of the doctor's employment.

Plaintiff challenges the dismissal, alleging that he and the doctor were not co-employees or, alternatively, that an exception to the exclusive-remedy provision, the "dual-capacity doctrine," is applicable here. Both of plaintiff's alternatives must be rejected.

I

■■ The exclusive-remedy provision of the Act abolishes common law actions by an employee against his employer or co-employer or co-employee for injuries arising out of employment. (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326, 447 N.E.2d 786; *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 356, 423 N.E.2d 876; *Toth v. Westinghouse Elevator Co.* (1983), 114 Ill. App. 3d 905, 907, 449 N.E.2d 1005.) Here, however, plaintiff contends that there was a genuine issue of material fact as to whether he and defendant were co-employees. He cites *Crepps v. Industrial Com.* (1949), 402 Ill. 606, 614, 85 N.E.2d 5, for the principle that while there is no rule to determine whether a person's status is that of an employee, there are factors which have evidentiary weight on this issue, the most important factor being the extent to which the person for whom work is being done has retained control over the worker. In

the instant case, plaintiff asserts that Stewart-Warner did not retain control over the doctor at either the plant medical facilities or at St. Elizabeth Hospital because no lay person could supervise a doctor. Thus, plaintiff concludes, a genuine issue of material fact was raised which the circuit court should have allowed a jury to resolve. We disagree.

The affidavit of Stewart-Warner's vice president set forth the following facts: The doctor was employed by Stewart-Warner from 1973 to 1978 as manager of medical services. His duties included the examination and treatment only of Stewart-Warner employees who were injured at work, which services were made available to such employees without charge. He received an annual salary from Stewart-Warner which was not contingent upon the number of employees he treated. He worked a fixed number of hours per week at Stewart-Warner. The company made social security contributions on his behalf, and his eligibility for pension and medical insurance benefits was identical to that of other company employees. The doctor's medical support personnel and facilities were provided by Stewart-Warner. Finally, the company retained the power and authority to discharge the doctor from his employment.

Employee status of a company doctor was demonstrated on similar affidavits in *Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 372 N.E.2d 842. In that case, the appellate court found that because plaintiff did not effectively controvert such affidavits, he failed to raise a genuine issue of material fact regarding the doctor's employee status. (*Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 972-73, 372 N.E.2d 842.) The court, therefore, affirmed the circuit court's dismissal of plaintiff's negligence action against the company doctor on the ground that the exclusive-remedy provision of the Act barred the common law action. *Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 971, 372 N.E.2d 842.

In the instant case, the affidavit of Stewart-Warner's vice president contains clear indicia of the doctor's employee status and provided the circuit court a sufficient basis upon which to determine that plaintiff's action is precluded by the exclusive-remedy provision of the Act. (*Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 372 N.E.2d 842; *Hayes v. Marshall Field & Co.* (1953), 351 Ill. App. 329, 115 N.E.2d 99.) In a deposition, plaintiff referred to Dr. Zmigrodski as the "company doctor," although in a later affidavit he explained that he so described him because he could not pronounce his name and could not say whether he was or was not the

company doctor. Plaintiff's affidavit further stating that he did not consider the doctor to be a fellow employee did not probatively contradict the vice president's affidavit, nor did it raise a genuine issue of material fact as to that pivotal issue. *Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 372 N.E.2d 842; *Kinney v. Continental Assurance Co.* (1976), 42 Ill. App. 3d 263, 266, 356 N.E.2d 131. See also *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.

## II

■ Plaintiff's alternative contention is that even if the doctor was his co-employee, his cause of action should survive the exclusive-remedy provision of the Act by virtue of the dual-capacity doctrine. Under this doctrine, an employer who normally is shielded from tort liability by the exclusive-remedy principle may be liable if he acts in a second capacity that imposes obligations on him beyond those of an employer. (*McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 357; *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 318, 396 N.E.2d 524; *Oakes v. Gaines* (1982), 107 Ill. App. 3d 212, 214-15, 437 N.E.2d 738; *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512.) In the instant case, plaintiff maintains that the doctor acted in one capacity as Stewart-Warner's physician and in a second capacity as attending physician at St. Elizabeth Hospital, concluding that because some alleged negligence occurred while the doctor acted in his second capacity, the dual-capacity doctrine is applicable here and his common law cause of action should not be barred by the Act. Again, we disagree.

This court recently noted that our supreme court in *Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326-28, declared that a prerequisite to the applicability of the dual-capacity doctrine is that a defendant be possessed of two separate legal persona. (*Toth v. Westinghouse Elevator Co.* (1983), 114 Ill. App. 3d 905, 907-08.) A company doctor, however, has only one legal persona, that of company doctor. (2A A. Larson, Workmen's Compensation sec. 72.61(b), at 14—203 through 14—204 (1983).) Thus, Illinois courts have rejected the applicability of the dual-capacity doctrine to company doctors (*McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 353-54, 434 N.E.2d 377; *McCormick v. Caterpillar Tractor Co.* (1980), 82 Ill. App. 3d 77, 402 N.E.2d 412, *aff'd in part, rev'd in part* (1981), 85 Ill. 2d 352), and consistently apply the exclusive-remedy provision of the Act to bar common law actions against company doctors (*Unger v. Conti-*

*nental Assurance Co.* (1984), 122 Ill. App. 3d 376, 461 N.E.2d 531; *Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967; *Hayes v. Marshall Field & Co.* (1953), 35 Ill. App. 329.

Plaintiff seeks assistance from the circumstances of his having been admitted to St. Elizabeth Hospital by the doctor for further treatment, asserting that the doctor's duties at the hospital would have to be different than those required at the company clinic. Although such treatment was rendered at the hospital on August 26, 1977, almost seven years before the order of dismissal was entered in this case on April 2, 1984, no evidence or affidavits were submitted which factually support plaintiff's surmise. In the absence of evidentiary support demonstrating the asserted difference in the doctor's role at the hospital, the Stewart-Warner affidavit as to the doctor's employment makes it clear that such services were rendered in compliance with section 8(a) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(a)), which expressly includes the provision of hospital care by the employer to its injured employees (*McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 353-54).

Plaintiff's reliance upon a case in which a California court applied the dual-capacity doctrine to a situation where the employer was himself a physician and treated one of his employees (*Duprey v. Shane* (1952), 39 Cal. 2d 781, 249 P.2d 8) is equally unavailing. The instant appeal does not involve such a situation and the doctrine therefore has no applicability here.

For the foregoing reasons, we hold that plaintiff's common law action against his co-employee, the company doctor, is barred by the exclusive-remedy provision of the Act. The judgment of the circuit court of Cook County accordingly is affirmed.

Affirmed.

PERLIN and BILANDIC, JJ., concur.