W. T. FRAME, Appellee, v. C. R. CASSELL, Appellant.

**TRIAL:** Instructions—Failure to Object—Showing in Avoidance.
1   He who fails to object to instructions prior to the reading thereof to the jury must excuse his failure by something more than a verified and undisputed statement, in connection with a motion for a new trial, that he "overlooked" the error in question. (Sec. 3705-a, Code Supp., 1913.)

**APPEAL AND ERROR:** Invited Error. One may not invite an error and then base a claim of error thereon—may not ask an instruction and then base a claim of error on the giving.

**ACCORD AND SATISFACTION:** Acceptance of Check. The acceptance of a check does not, as a matter of law, constitute an accord and satisfaction, unless it be established with the required degree of certainty that such was the *intent* of the parties.

*Appeal from Black Hawk District Court.*—C. W. MULLAN, Judge.

DECEMBER 16, 1919.

SUIT to recover a commission. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*M. J. Butterfield* and *Pike, Sias & Zimmermann,* for appellant.

*Sager, Sweet & Edwards,* for appellee.

SALINGER, J.—I. As said, plaintiff brought suit to recover a commission. There seem to have been two suits, originally. They were instituted in justice's court, and there were no written pleadings. There was an appeal to the district court, and a consolidation of the two cases there, and a trial without a paper issue, and it is somewhat difficult to ascertain what issues were, in fact, tried out; but it is fairly apparent that the principal and unsuccessful defense was accord and satisfaction.

Most of the complaints made on appeal here relate to the giving and failure to give instructions. The appellee asserts that there was no such exception to the charge as the law under which the cause was tried below demands. The appellant does not contend that he took sufficient exception before verdict. He makes explanation of the failure to do this which, it may be conceded, shows that there was no negligence in failing to except during the trial. But this explanation or excuse is made merely in argument, and we can give it no consideration. It may be conceded that exceptions later presented in the motion for new trial are as specific as the law requires such exceptions to be. But exceptions cannot be first taken in motion for new trial, without the making of such a "show-

1. TRIAL: instructions: failure to object: showing in avoidance.

ing" as the statute requires. And the controlling question is whether such showing has been made. In this case, there can be no claim that the showing is made in such form as not to constitute evidence. Whatever showing there is, is supported by the undisputed affidavits of the attorneys for appellant. What we have to determine, then, is whether the *quality* of the showing meets the law. The affidavit recites that the errors complained of in the motion for new trial "were not discovered by the defendant or his counsel upon the trial of such cause." If the naked fact that the errors were not discovered then constitutes a sufficient showing under the statute, then the errors lodged against the charge of the court must be considered. If not, they may not be considered.

If exceptions made for the first time on motion for new trial are to be considered on appeal, there must be "a showing * * * that an error in such instructions was not discovered by the party claiming the error at the time of trial." Sec. 3705-a, Code Supplement, 1913. The question is whether, under this statute, a mere proving that the error now complained of was not discovered during the trial is the "showing" required by this statute. The respective contention of the parties is that it meets the statute if it be proved that the error complained of was overlooked, and, on the other hand, that it will not suffice to say merely that the matter was overlooked, but that it must appear in some manner that the overlooking is justified,—that it is not due to negligence. The case of *American Fruit P. Co. v. Davenport V. & P. Works,* 172 Iowa 683, at 693, does not decide this dispute. In that case, the foundation for claiming the right to make objection after verdict did not rest upon a bald statement that the error complained of in the motion for new trial was not discovered until after verdict. There was an affidavit, which was not contradicted, to the effect that, while counsel was permitted by the

court to make a hasty examination of an incomplete draft
of the instructions proposed, no opportunity was given him
to examine the completed charge at any time before its
reading to the jury, and that, therefore, the error com-
plained of was not discovered until it was too late to pre-
sent objections prior to the reading of the charge to the
jury. The cases of *Chumbley v. Courtney*, 181 Iowa 482,
and *Eley v. Chicago G. W. R. Co.*, 186 Iowa 312, are very
largely concerned with what is the proper method for mak-
ing the "showing" competent evidence, and they hold that
an assertion, without proof by affidavit or otherwise, does
not make the "showing" competent evidence. But, mani-
festly, a holding that a certain method will make some-
thing into receivable evidence does not pass upon whether,
though the matter is receivable, it is sufficient evidence to
establish a given claim. As it seems to us, the very matter
now in consideration is determined by *Dimond v. Peace
River L. & D. Co.*, 182 Iowa 400. We there said:

"But, if he does not discover it until after the instruc-
tions are read, he then may make a showing excusing his
dereliction, and avail himself of the errors, in the instruc-
tions, if any there are. It is not sufficient for counsel to
say 'we overlooked them;' there must be a showing of ex-
cuse."

It is true that the *Dimond* case, too, somewhat deals
with the proposition that a "showing" which is a mere as-
sertion, and of which there is no proof, either by affidavit,
testimony in open court, or by anything satisfactorily prov-
ing that the error was overlooked at the trial, cannot be
considered at all. The case has a threefold operation:
First, that *whatever* is asserted by way of showing must be
more than a mere unsupported assertion. Second, that,
even if the assertion be proved, it is not enough, where the
assertion is not more than "we overlooked them." Third,
that "there must be a showing of excuse." This clearly

means that such naked assertion will not suffice, even though what is asserted be proved, unless the whole of the showing adds, to the naked statement that the error was overlooked, some fact that constitutes a reasonable excuse for overlooking. That this is the real decision is clarified and fortified by the further statement that, if the error be not discovered until after the instructions are read, that then the party "may make a showing excusing his dereliction," and thereupon avail himself of the error. No other construction will stand the test. A single illustration should suffice to make that clear. Suppose it were admitted that appellant did not discover an alleged error until a time when it was too late to urge it before verdict. Surely, that might be wholly due to negligence. The error may not have been discovered because counsel failed or declined to examine the instructions before they were given to the jury, though he had ample time to give them careful consideration. It may be that, though he did examine the charge, the error later complained of was so manifest that any failure to discover it at once must necessarily be gross negligence. Suppose the very first instruction given in a trial upon indictment was a very short and plain instruction, which directed the jury to find the defendant guilty. If there was opportunity to merely look at the instructions, would anyone claim that overlooking such an instruction might be the basis of lodging complaint in a motion for new trial on the ground that said error was not, in fact, discovered before verdict? In this case, the error as to which the showing was made is not a minor one, dealing with some collateral issue. The error complained of in the motion for new trial is one that went to the very heart of the case, and which involved the vital, and, it might almost be said, the only important issue.

In view of our conclusion that the showing made is insufficient, anything added may be immaterial. But it may

still not be amiss to say that, if there was any error in the
instructions given, the error was invited,

2. APPEAL AND
ERROR : invited
error.

because the trial court charged precisely in
accord with the theory which appellant
urged in various ways, including his mo-
tion to direct verdict.

II.   As to the failure to give instructions, it is very
doubtful whether complaints on that score were made, even
in the motion for new trial. If it be done, it is in the sixth
ground of that motion.   It asserts, by way of repetition,
that there was error in what was said to the jury, and then
comes this further statement: The statement and instruc-
tions given "contain an erroneous, incomplete, and mistak-
en statement of the theory upon which the case was tried
by the defendant, and of the evidence introduced by the de-
fendant, and of the claim made by him, as shown by the
pleadings and testimony introduced by defendant with ref-
erence thereto, and as set out in defendant's Exhibit 1, in-
troduced in evidence upon such trial." We repeat it is ex-
ceedingly doubtful whether this presents the claim that
there was a paucity of instructions, and that there was a
failure to submit what should have been submitted. But be
that as it may, we are satisfied, from a careful examination
of the record, that whatsoever omission to charge there may
be is of the kind that cannot be availed of on appeal, in
the absence of offered instructions. And none were offered.

III.   The remaining question is whether it was error
to overrule the motion to direct verdict, made by the de-
fendant.   The motion is bottomed upon the assertion that
the undisputed evidence shows there was an

3. ACCORD AND
SATISFACTION :
acceptance of
check.

unliquidated claim concerning which there
was controversy between defendant and one
Rudolph, the holder of such claim ; that de-
fendant tendered to Rudolph a check for $40.34, with state-
ment attached thereto, reciting that same would be in full

payment, settlement, and satisfaction of any claim due to Rudolph, and that nothing beyond the amount of the check should be due or payable until after certain contingencies eventuated, and that said contingencies had never occurred; that plaintiff, by accepting said check, accepted with it all the conditions aforesaid; that, therefore, the whole transaction constitutes a full accord and satisfaction—wherefore, nothing was due plaintiff.

If all of the evidence was nothing more than what said motion recites, it may be conceded it should have been sustained. But whether there is accord and satisfaction ordinarily involves a pure question of intention, which question is ordinarily a jury question. *Shull, Gill, Sammis & Stillwill v. McCrum,* 179 Iowa 1232. The check was handed to Mr. Rudolph in the office of Mr. Paulsen, and in the presence of the defendant. Paulsen and the defendant testified, in substance, that, when the check and the statement were handed to Rudolph, defendant told him that, if he did not want the check on those conditions, to leave it. Rudolph denies this, and testifies that defendant merely informed him that such was defendant's position, and that, at the very time when the check was given and taken, he, Rudolph, discussed with plaintiff and with Paulsen whether or not the right remained to Rudolph to commence immediate suit for the balance due, in addition to the amount of the check. Whether there was accord and satisfaction being a question of intention, this evidence created a conflict as to the existence of such intention, and so made it a fair question for the jury whether there had been an accord and satisfaction. The court submitted the case to the jury on that theory. We conclude that accord and satisfaction was not established, as matter of law, and that, therefore, there was no error in so submitting.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.