**Connie CASEY, Appellant,**

v.

**Larry KOOS, Appellee.**

**No. 65548.**

Supreme Court of Iowa.

Aug. 25, 1982.

M. Gene Blackburn and Mark S. Brownlee of Murray, Blackburn & Stockdale, P. C., Fort Dodge, for appellant.

Arthur H. Johnson and James L. Kramer of Johnson, Erb, Latham & Gibb, P. C., Fort Dodge, for appellee.

LeGRAND, Justice.

This case involves a late night collision between two snowmobiles on North Twin Lake in Calhoun County, Iowa, resulting in serious injuries to plaintiff. Her claim for personal injuries resulted in a jury verdict for defendant. Both parties appealed. We reverse and remand for a new trial on plaintiff's appeal. We affirm on defendant's cross-appeal.

We first set out a brief review of the facts. About midnight on January 31, 1975, plaintiff was operating her snowmobile in a northeasterly direction across the frozen surface of North Twin Lake when she collided with a second snowmobile being operated by defendant Larry Koos. Both snowmobiles had just departed from the dock of a lakeside restaurant. The vehicles had their lights on, and each was traveling at least thirty miles an hour. Both plaintiff and defendant, as well as Ronald Blume, a passenger on defendant's snowmobile, suffered serious injuries.

Plaintiff asserts two errors. First, she complains that the trial court's instruction on contributory negligence misstated the law on a material matter. Next, she insists the trial court erred in refusing to apply the doctrine of issue preclusion to establish defendant's negligence as a matter of law. We hold there is merit to plaintiff's first assigned error, and we reverse on that ground. For reasons hereafter stated we defer ruling on issue preclusion.

I. *The Instruction on Contributory Negligence.*

Over timely objection by plaintiff, the trial court gave an instruction on contributory negligence which included the following:

Defendant Koos asserts that the plaintiff was negligent in one or more of the following particulars:

1. . . .

2. . . .

3. In failing to yield the right of way to the snowmobile approaching from the right.

. . . .

Where two snowmobiles are approaching each other on streets or roads which intersect at or nearly at right angles, the vehicle approaching the other from the right shall have the right of way. In the instant case, no such designated paths or avenues of travel existed, so as to set forth predesignated courses of travel for the snowmobiles here in question. The above rule of law is applicable to snowmobiles traveling in a "free travel area", such as a lake here involved, but only if the jury first finds factually that the vehicles were approaching each other at or nearly at a right angle, so as to bring this rule of law into play. If the jury finds that their paths, immediately before the collision, were not traversing at or nearly at a right angle to each other, then there is no duty to yield by the vehicle approaching from the left. Conversely, if the vehicles are approaching each other at or nearly at a right angle, then the rule applies and the vehicle approaching from the right has the right of way. This means that where snowmobiles are approaching each other at such speed and so nearly the same time that if both proceed without regard to the other, colli-

sion is reasonably to be expected, the driver of the snowmobile approaching from the left is required to yield to the snowmobile approaching from the right. *Failure by an operator of a snowmobile to comply with this provision would constitute negligence.*

(Emphasis added).

Plaintiff says that this instruction erroneously establishes a rule of negligence per se, a doctrine limited to cases in which there is a violation of statute or ordinance creating a particular standard of care. *Jorgensen v. Horton*, 206 N.W.2d 100, 102 (Iowa 1973); *Kisling v. Thierman*, 214 Iowa 911, 915, 243 N.W. 552, 554 (1932). We agree.

As applicable here, section 321G.13, The Code 1973, fixes the statutory standard for the operation of snowmobiles. It provides in pertinent part:

It shall be unlawful for any person to drive or operate any snowmobile:

1. At a rate of speed greater than reasonable or proper under all existing circumstances.

2. In a careless, reckless, or negligent manner so as to endanger the person or property of another or to cause injury or damage thereto.

3. While under the influence of intoxicating liquor or narcotics or habit-forming drugs.

4. Without a lighted headlight and taillight when required for safety.

■ We point out there is no right-of-way provision in this statute. Nevertheless the trial court instructed as though there were one. We hold this was error on two grounds. First, the court erred in judicially establishing an intersection, after first recognizing there was no intersection on the frozen lake where this accident occurred. Secondly, the trial court erred in making a violation of the rule thus fashioned negligence per se, just as though it were a violation of section 321.319, The Code.

Defendant cites *Hinegardner v. Dickey's Potato Chip Company, Inc.*, 205 So.2d 157 (La.App.1967) *cert. denied*, 251 La. 746, 206 So.2d 94 (1968), and *Kern v. Autman*, 54

Del. 402, 177 A.2d 525 (Del.Super.Ct. 1961), as support for the instruction, but these cases are distinguishable. They both involved motor vehicle accidents which occurred in private parking lots with marked traffic lanes. Furthermore in each case the court used statutory rules of the road merely as a guide to help the jury decide the question of negligence. Neither case characterized the offending conduct as negligence per se. *Hinegardner*, 205 So.2d at 162, *Kern*, 54 Del. at 406, 177 A.2d at 527.

■ The trial court should have instructed on the grounds of negligence alleged in the petition and supported by the evidence, permitting the jury to decide if plaintiff's conduct was in fact negligent.

II. *Issue Preclusion.*

Plaintiff asserts the trial court erred in refusing to apply the doctrine of offensive issue preclusion as recently announced in *Hunter v. City of Des Moines*, 300 N.W.2d 121 (Iowa 1981), where we distinguished between defensive use of issue preclusion and offensive use as follows:

The phrase "defensive use" of the doctrine of collateral estoppel is used here to mean that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense.

On the other hand, the phrase "offensive use" or "affirmative use" of the doctrine is used to mean that a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim.

In other words, defensively a judgment is used as a "shield" and offensively as a "sword."

The instant case was initiated by plaintiff to recover for personal injuries. Defendant filed a counterclaim for his own personal injuries. Defendant's passenger (Blume)

had previously sued defendant and recovered $30,000 for the injuries he suffered in this accident. Plaintiff had originally been a party to that action but was dismissed out before trial. Thus plaintiff is a "stranger" to the judgment obtained by Blume.

By motion for adjudication of law points filed under Iowa R.C.P. 105, plaintiff sought to use the Blume judgment as the basis for issue preclusion, both defensively to defeat defendant's counterclaim and offensively to establish defendant's negligence as a matter of law in proving up her case against him.

The trial court ruled in plaintiff's favor on the matter of defensive issue preclusion, resulting in a dismissal of defendant's counterclaim. However, the trial court declined to rule on the question of offensive issue preclusion because there was an appeal pending which involved rights between plaintiff and defendant concerning contribution in the payment of Blume's judgment. That appeal has now been disposed of by an unpublished opinion of the Iowa Court of Appeals, which, for procedural reasons, reversed the holding that defendant was entitled to contribution from plaintiff. Thus, the question of plaintiff's right to use the Blume judgment for offensive issue preclusion is now ready for determination. We think this should be decided by the trial court, not by us.

■ The application of the doctrine of offensive issue preclusion, a term used in *Hunter* interchangeably with collateral estoppel, is a matter left largely to the trial court's discretion. *Hunter*, 300 N.W.2d at 124. Ordinarily the trial court should first decide the question. On appeal we reverse only for abuse of discretion. We therefore express no opinion concerning offensive issue preclusion except to say that on remand plaintiff may renew her request that it be applied here. The trial court should then decide the question in the light of *Hunter*.

III. *Defendant's Cross-Appeal.*

Defendant raises three issues which should be decided because they are likely to arise again on retrial.

a. *Superseding Intervening Cause.*

■ Defendant sought to introduce evidence of the attending physician's malpractice in treating plaintiff's injuries, alleging it was a superseding intervening cause of plaintiff's condition. We hold this is without merit. Assuming there was no negligence in selecting the doctor, which is not claimed here, the general rule is that a tort-feasor is responsible for the negligence of an attending physician in treating the injured party. *Hunt v. Ernzen*, 252 N.W.2d 445, 446 (Iowa 1977); *Schnebly v. Baker*, 217 N.W.2d 708, 730 (Iowa 1974); *Bradshaw v. Iowa Methodist Hospital*, 251 Iowa 375, 386, 101 N.W.2d 167, 173 (1960).

Defendant relies on *Schnebly* as authority for challenging the trial court's ruling. There we said:

> Under particular facts intervening conduct may be so manifestly superseding in nature as to cut off liability for prior negligence as a matter of law or, on the other extreme, may fail as a matter of law to constitute a superseding cause. Between the extremes are the cases in which the question is one of fact.

217 N.W.2d at 729. In *Schnebly* there were additional circumstances involving the negligent conduct of the defendant doctor in continuing to rely on hospital reports after he knew or should have known they were erroneous. Furthermore the issue in *Schnebly* arose only on the question of contribution between two tort-feasors, both of whom were held liable to the injured plaintiff.

■ Under the circumstances of the present case we believe the trial court was right in rejecting defendant's offer of proof.

b. *Plaintiff's Contributory Negligence.*

■ Defendant contends the trial court erred in not sustaining his motion for directed verdict on the ground plaintiff was negligent as a matter of law. We hold the trial court was right in denying the motion. The evidence showed the conduct of the

parties prior to the accident. There is conflicting testimony about the relative paths taken, the observance of headlights, and the effect of accumulated snow and ice on the movement of the vehicles. There is also testimony concerning the fact that plaintiff's attention was diverted in looking for a third snowmobile which had supposedly left the dock at the same time as the other two.

Ordinarily negligence, contributory negligence, and proximate cause are jury questions. Only in exceptional cases are they decided as matters of law. *Iowa Power and Light Co. v. Board of Water Works Trustees of the City of Des Moines*, 281 N.W.2d 827, 831 (Iowa App.1979); *Ackerman v. James*, 200 N.W.2d 818, 824 (Iowa 1972); Iowa R.App.P. 14(f)(10). In the present case the circumstances do not warrant a finding of plaintiff's negligence as a matter of law.

### c. *Ruling on Defendant's Application for Adjudication of Law Points Under Iowa R.C.P. 105.*

Defendant claims plaintiff's voluntary payment contributing toward satisfaction of Blume's judgment against defendant amounted to a complete settlement of all claims between plaintiff and defendant and that plaintiff is precluded from maintaining the present action. Defendant cites *Brown v. Hughes*, 251 Iowa 444, 448–49, 99 N.W.2d 305, 307–08 (1960) and *Mensing v. Sturgeon*, 250 Iowa 918, 927–28, 97 N.W.2d 145, 150–51 (1959).

The record reflects an exchange of correspondence and other negotiations in connection with this settlement which support plaintiff's claim that the parties intended to settle only the contribution claim, not plaintiff's claim for her personal injuries. This was the trial court's ruling and it was, we think, a proper one. Nothing in either *Brown* or *Mensing* conflicts with this. Those cases hold that the effect of a settlement between parties is a matter of intention. In the absence of an express reservation of rights, it disposes of all claims between them arising out of the event to which it related. Here there is evidence of

a reservation of rights. A jury might decide otherwise, but we cannot say the trial court should have so ruled as a matter of law.

### IV. *Summary.*

In conclusion we reverse and remand for a new trial for the reasons stated in Division I. We reserve any opinion as to the issue raised in Division II because that question should be first submitted to the trial court. We affirm on the issues raised by defendant on his cross-appeal.

REVERSED AND REMANDED FOR NEW TRIAL ON PLAINTIFF'S APPEAL. AFFIRMED ON DEFENDANT'S CROSS-APPEAL.

All Justices concur except CARTER, J., who takes no part.