Rolland V. ROBINSON and Ruth A. Robinson, Individually; and Rolland V. Robinson and Ruth A. Robinson as Assignees of Iowa Electric Motors & Equipment Company, Inc., and Custom Electric Motors, Inc., Plaintiffs–Appellants,

v.

NORWEST BANK, CEDAR FALLS, N.A., Cedar Falls, Iowa, Defendant–Appellee.

No. 87–1552.

Court of Appeals of Iowa.

Oct. 20, 1988.

Patricia M. Hulting, of Roehrick, Hulting & Moisan, Des Moines, and Allan E. Olsen, of Olsen, Parsons & Ament, Cedar Falls, for plaintiffs-appellants.

Robert D. Houghton and Mark L. Zaiger, of Shuttleworth & Ingersoll, Cedar Rapids, and Donald Redfern and Leroy Redfern, of Redfern, McKinley, Mason & Dieter, Cedar Falls, for defendant-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

We must decide whether the trial court was correct in determining on summary judgment claims made by plaintiffs against defendant had been released. We reverse and remand for a trial of the merits.

Plaintiffs-appellants Rolland V. Robinson and Ruth A. Robinson, Individually; and Rolland V. Robinson and Ruth A. Robinson as Assignees of Iowa Electric Motors & Equipment Company, Inc., and Custom Electric Motors, Inc., were customers for over twenty-five years of defendant-appellee Norwest Bank, Cedar Falls and its predecessor. In the fall of 1983 problems arose with loans made to Iowa Electric Motors & Equipment Company. Said loans were guaranteed by plaintiffs-appellants Rolland and Ruth Robinson who controlled the company. In January, 1984 it was

agreed certain assets of the company would be liquidated to satisfy debt. The assets sold for less than anticipated. The company went out of business. The bank looked to the Robinsons on their guarantee and a series of negotiations transpired. The negotiations resulted in various correspondence and a written agreement signed September 27, 1984, and two written agreements signed November 14, 1984.

The September 27, 1984 agreement was a memorandum of understanding to be reduced to final documents. No language releasing plaintiffs' claims against defendant appears therein. The November 14 agreement specified it was entered into for the purpose of reaching a settlement of obligations of Rolland V. Robinson and Ruth Ann Robinson to Norwest Bank and provided in consideration of monies and properties received and the performance of obligations of Iowa Electric, Rolland and Ruth Robinson under their respective agreements the bank would assign their claims against Iowa Electric to Robinsons. It further provided all obligations and guarantees of the claims against Rolland and Ruth Robinson in favor of Norwest were deemed paid, satisfied, discharged and releases were to be provided to them. The second November 14, 1984 agreement basically provided Iowa Electric desired to come into terms with the Robinson agreement of the same day.

On August 11, 1986, plaintiffs filed a petition against the bank on six counts, five of which claim the plaintiffs had a fiduciary relationship with the bank which the bank breached in (1) neglect in supervision of the liquidation of the plaintiff company's assets, (2) intentional interference with the plaintiff company's business opportunities, (3) intentional interference with Robinsons' prospective business advantages, (4) exerted economic duress on plaintiffs, and (5) supplying false information. The sixth count claimed the bank breached a contract to assist plaintiff company in relocating.

The bank filed a motion for summary judgment contending certain agreements between the parties were an accord and satisfaction of plaintiffs' claims. The trial court sustained the motion holding the intention of the parties was so clear it should be settled as a matter of law and all counts in plaintiffs' petition were merged into the settlement agreements.

Plaintiffs appeal contending a factual issue existed on whether the claims had been settled. We agree and reverse the summary judgment.

Rule 237(c), Rules of Civil Procedure, provides in part:

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The movant under a summary judgment motion is asserting that on the basis of the record as it then exists, there is no genuine issue as to any material fact and that he is entitled to a judgment on the merits as a matter of law. *Lloyd v. State*, 251 N.W.2d 551, 557 (Iowa 1977).

The purpose of summary judgment is to enable a judgment to be obtained promptly and without the expense of a trial when there is no genuine and material fact issue present. Movant is assigned the burden of demonstrating both the absence of any such issue and that he, as the moving party, is entitled to judgment as a matter of law. When a trial court is confronted with such motion under rule 237, R.C.P., it is required to examine, in the light most favorable to the party opposing the motion, the entire record before it including the pleadings, admissions, depositions, answers to interrogatories and affidavits, if any, to determine for itself whether any genuine issue of a material fact is generated thereby. If, upon this examination, the court determines no such issue is present, the movant is entitled to judgment as a matter of law, summary judgment is proper. *Drainage Dist. No. 119 v. Incorporated City of Spencer*, 268 N.W.2d 493, 499–500 (Iowa 1978); *Davis v. Comito*, 204 N.W.2d 607, 611–12 (Iowa 1973).

There are conflicting facts as to whether or not the documents were intended to be a

release of claims plaintiffs had against the bank. The written agreements contain no language identifying the claims on which plaintiffs now bring suit. They contain no language indicating the agreement serves as a release and satisfaction of claims plaintiffs may have against defendant. Plaintiffs and the attorney representing them when the agreements were signed contend they did not intend when the settlement was negotiated to release the bank for the claims that now form the basis of plaintiffs' petition.

Accord and satisfaction is a method of discharging a claim whereby the parties agree to give and accept something in settlement of the claim and perform the agreement; the "accord" being the agreement, and the "satisfaction" its execution or performance. It is a new contract substituted for an old contract, which is thereby discharged, or for an obligation or cause of action which is settled. It must have all of the elements of a valid contract. *Holm v. Hansen*, 243 N.W.2d 503, 506 (Iowa 1976); *Kellogg v. Iowa State Trav. Men's Assn*, 239 Iowa 196, 210–12, 29 N.W.2d 559, 567 (1948). There can be no accord and satisfaction unless the creditor, or party receiving the thing or promise offered, understands, or from the circumstances of the offer, or the acts or declarations with which it is accompanied, is bound to understand, that he takes it in full satisfaction of his claim. *Holm*, 243 N.W.2d at 509.

There is a factual dispute over whether plaintiffs intended to release the claims against the defendant when the releases were signed.

Defendant argues the plaintiffs' failure to reserve their claims which defendant contends arise out of the same transactions for which the release was given the plaintiffs by the bank supports the trial court's findings. Defendant directs us to *Brown v. Hughes*, 251 Iowa 444, 448, 99 N.W.2d 305, 307 (1960) and *Mensing v. Sturgeon*, 250 Iowa 918, 926–27, 97 N.W.2d 145, 151–52 (1959). These cases hold one who has been involved in an automobile collision in which the parties in separate cars suffer injuries, and who elects to settle the opposing claim and to buy a release from the other party will thereby be held to have elected to compromise the entire controversy, absent any reservation of right to sue on his own claim. *See also Casey v. Koos*, 323 N.W.2d 193, 198 (Iowa 1982); *In re McClintock*, 254 Iowa 593, 598, 118 N.W.2d 540 (1962). Defendant contends *Brown* and *Mensing* are dispositive of the issue before us and requires a resolution in their favor. We disagree. The bank's claim for a judgment on the notes can exist at the same time claims can exist by plaintiffs for the breach of certain duties on the part of the bank. A judgment against each by the other, the bank against plaintiffs on the note and the plaintiff against the bank for breach of fiduciary duty, while operating as a setoff one against the other, can coexist.

We therefore are unwilling to apply the rationale of *Brown* and *Mensing*. We determine the question of intent should not have been decided as a matter of law. Whether there is accord and satisfaction ordinarily involves a pure question of intention. *Casey*, 323 N.W.2d at 198. It is ordinarily a jury question. *Kellogg v. Iowa State Trav. Men's Assn*, 239 Iowa 196, 211, 29 N.W.2d 559, 567 (1948); *Frame v. Cassell*, 187 Iowa 1194, 1200, 175 N.W. 521, 523 (1919).

We reverse the order granting summary judgment and remand for trial.

REVERSED AND REMANDED.