VERNE R. HOUGHTON INSURANCE AGENCY, INCORPORATED, Plaintiff,

v.

ORR DRYWALL CO., Defendant.

ORR DRYWALL CO., Appellant,

v.

VERNE R. HOUGHTON INSURANCE AGENCY, INCORPORATED, Appellee.

ORR DRYWALL CO., Appellant,

v.

Verne R. HOUGHTON and State Automobile & Casualty Underwriters, Incorporated, Appellees.

No. 90–96.

Supreme Court of Iowa.

May 15, 1991.

**40**

Rodney H. Powell and David H. Goldman of Black, Harvey, Goldman & Powell, P.C., Des Moines, for appellant.

Joseph M. Barron and Jerry R. Foxhoven of Peddicord, Wharton, Thune, Foxhoven & Spencer, P.C., Des Moines, for appellees Verne R. Houghton and Verne R. Houghton Ins. Agency, Inc.

David L. Phipps and Thomas R. Pospisil of Whitfield, Musgrave & Eddy, Des Moines, for appellee State Auto. & Cas. Underwriters.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

This appeal by Orr Drywall Company (Orr Drywall) arises out of an adverse ruling in the district court where its claims against appellees Verne R. Houghton, Verne R. Houghton Insurance Agency, Inc. (Houghton Insurance Agency), and State Automobile & Casualty Underwriters, Inc. (State Auto) were dismissed. Although several issues are raised, at the heart of this matter is the question of whether the "Policyholder's Release" executed by Orr Drywall in favor of State Auto, constitutes a global release barring all further claims by Orr Drywall against the appellees. We conclude that it does not, and therefore reverse the district court's dismissal favoring the appellees.

In late September 1986, Roger Orr, president of Orr Drywall, purchased various insurance coverages from Houghton and Houghton Insurance Agency, authorized agents of State Auto. On October 7, 1986, an accident occurred involving a boom truck owned by Orr Drywall. The truck was used for delivery of sheetrock and to lift sheetrock to the second and third stories of buildings under construction. It is undisputed that, at the time of the accident, the truck was insured by State Auto through its agents, Houghton and Houghton Insurance Agency. Orr Drywall maintains that it reported the loss to Houghton and Houghton Insurance Agency immediately following the accident on October 7, 1986. Houghton claims he immediately telephoned State Auto and notified it of the occurrence of the accident involving the boom truck. Employees of State Auto deny such notification was ever given, and, if it was given, Houghton notified the wrong person or department. State Auto contends it was late August 1987 before it received its first notice from Houghton of the loss.

Upon receiving notice of the loss, State Auto and Orr Drywall attempted to agree on a dollar amount for the damage incurred to the boom truck. When they could not agree on a loss amount, the parties decided to submit the claim to mediation. The claim was mediated on the afternoon of December 3, 1987, by Mediation Services in Des Moines. After much discussion, a mediation agreement was drafted stating that:

1. State Auto & Casualty as represented by Don Peterson will pay Orr Drywall, Inc $17,000 (Seventeen thousand and no one-hundred Dollars) in a draft which will be completed on December 3, 1987.

2. State Auto will give Orr Drywall, Inc as represented by Roger Orr the salvage rights to 1974 Chevy C–65 (CMEG74V11/102) with boom.

3. Orr Drywall, Inc as represented by Roger Orr accepts this payment and salvage rights.

4. State Auto guarantees that the salvage rights to the above-named truck will be equal to $2,500 (twenty-five hundred and no hundreds dollars).

5. Orr Drywall, Inc and Roger Orr will release any and all claims against State Auto & Casualty, known and unknown for damages to the insured vehicle (boom truck) inclusive of towing, storage or repairs resulting from the accident occurring on (10–7–86) October 7, 1986.

6. State Auto acknowledges it does not have any claims against Orr Drywall, Inc and Roger Orr and State Auto releases Orr Drywall, Inc and Roger Orr for any and all claims or causes of action which it may have known or not known as of this date.

The agreement was executed by the mediator and Orr Drywall but not by the representatives of State Auto. Later, on December 9, 1987, in exchange for a $17,000 settlement check, Orr Drywall executed a "Policyholder's Release" prepared by State Auto which provided that:

THE UNDERSIGNED Orr Drywall, Inc of the City of Johnston, County of Polk, State of Iowa, hereby acknowledges receipt of the sum of Seventeen thousand & _____ $17,000.xx Dollars paid to Orr Drywall, Inc by State Auto & Casualty Underwriters on this date, and does hereby acknowledge that said sum is in full settlement and discharge of any and all amounts due to the undersigned under Policy No. CC552006 on account of a collision loss which occurred on or about the 7 day of Oct, 1986, at or near West Des Moines, Iowa

IN WITNESS WHEREOF I have hereunto set hand this the 9th day of December, 1987, at Des Moines, Iowa

On February 11, 1988, Houghton Insurance Agency filed a petition in district court claiming unpaid insurance premiums due on open account from Orr Drywall. Orr Drywall answered and counterclaimed for breach of contract and breach of fiduciary duty, alleging untimely delays in processing the claim on the boom truck. Orr Drywall also filed a third-party petition against State Auto and Houghton, individually, for bad faith delay in processing the claim. State Auto counterclaimed against Orr Drywall for additional insurance premiums.

Following the filing of motions for separate adjudication of law points and other motions by the parties, the district court dismissed Orr Drywall's claims against Houghton, Houghton Insurance Agency and State Auto, and State Auto's claim against Orr Drywall. The district court dismissed these claims because it believed the mediation agreement and policyholder's release, when read together, barred these claims.

The only remaining claim, Houghton Insurance Agency's open account claim against Orr Drywall for insurance premiums, proceeded to trial. On November 29, 1989, the district court entered judgment in favor of Houghton Insurance Agency and against Orr Drywall in the amount of $12,731, plus interest. No appeal was taken from this judgment. Orr Drywall appeals the district court's dismissal of its claims against Houghton, Houghton Insurance Agency and State Auto.

Our scope of review in actions at law is for correction of errors at law. Iowa R.App.P. 4; *Midwest Recovery Services v. Cooper*, 465 N.W.2d 855, 856 (Iowa 1991).

Orr Drywall initially contends that because State Auto failed to execute the mediation agreement, the district court erred in ruling that Orr Drywall's release of State Auto, under the terms of the policyholder's release, constituted a global release barring all further claims. More specifically, Orr Drywall contends that the policyholder's release only released its contract claim and did not release any tort claims.

Appellees argue that even if the mediation agreement cannot be read into the terms of the policyholder's release, the language of the policyholder's release is sufficiently broad to encompass Orr Drywall's tort claims, as well as its contract claim. Additionally, appellees contend that Orr Drywall's failure to reserve its tort claims which arise out of the same events for which the release was given, support the trial court's findings.

■ Contrary to the contentions of the appellees, it is clear that the mediation agreement and policyholder's release are two wholly separate and distinct documents incapable of being read together. Not only was the policyholder's release the only release executed by the parties, but its language is much more limited in scope than the language contained in the mediation agreement. Unlike the mediation agreement which released "any and all claims or causes of action which it may have known or not known ...," the policyholder's release was "in full settlement and discharge of any and all amounts due to [Orr Drywall] under Policy No. CC552006 on account of a collision loss which occurred on or about the 7 day of Oct., 1986...." The terms of the mediation agreement are significant in that the language of the mutual releases in that document is broader in nature and scope than the language contained in the policyholder's release.

The language of the mediation agreement further provided that both Orr Drywall and Roger Orr personally would release State Auto from any and all claims

against State Auto for damages to the insured vehicle resulting from the accident. The mediation agreement also provided that State Auto would release Orr Drywall and Roger Orr personally from any and all claims or causes of action which it may have, whether known or unknown, as of the effective date of the agreement. The policyholder's release, on the other hand, is void of any such global release language.

Appellees further contend that Orr Drywall's voluntary execution of the policyholder's release amounted to a complete settlement of all claims between Orr Drywall and the appellees and that Orr Drywall is precluded from maintaining the present action. However, the record is replete with exchanges, negotiations and actions by the parties in connection with this settlement which support Orr Drywall's contention that the parties intended to settle only the contract claim, not the tort claim.

■ Separate and distinct claims may coexist at the time a release is entered into. *Robinson v. Norwest Bank*, 434 N.W.2d 128, 130 (Iowa App.1988). Furthermore, there is no presumption that all claims asserted by, or to be asserted by, a party are subject to the terms of a release in the absence of clear language to the contrary. Since a release is a contract, its validity is governed by the usual rules relating to contracts. *Stetzel v. Dickenson*, 174 N.W.2d 438, 439 (Iowa 1990). The cardinal principle is that the intent of the parties must control and except in cases of ambiguity, this is determined by what the contract itself says. *Chariton Feed & Grain, Inc. v. Harder*, 369 N.W.2d 777, 785 (Iowa 1985). The intent of the parties must be determined from what they did; and if the instrument is clearly one thing or the other, a covenant not to sue, or a full release, there is no room for construction. *Pederson v. Bring*, 254 Iowa 288, 292, 117 N.W.2d 509, 512 (1962).

■ In the present case, the question of whether Orr Drywall's bad faith tort claim is precluded by its execution of the policyholder's release depends on whether the

claims arose out of the same facts. We cannot conclude as a matter of law that they did. "In fact, a bad-faith claim might well be based on events subsequent to the filing of the suit on a policy and therefore could not be based on the 'same' facts." *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 861 (Iowa 1990). This question is for the trier of fact; the trial court should not have determined it as a matter of law. *See Dolan v. Aid Ins. Co.*, 431 N.W.2d 790 (Iowa 1988), regarding first-party bad faith claims.

The next question raised by Orr Drywall is whether the release of State Auto, no matter what its scope, included a release of Houghton Insurance Agency and Verne R. Houghton personally. The district court ruled that because Houghton Insurance Agency and Verne R. Houghton personally were agents of State Auto, the release also applied to them.

Orr Drywall argues that the agency issue is a question of fact and should not have been decided by the district court as a matter of law. However, the parties stipulated before the district court that any actions taken by either Houghton Insurance Agency or Verne R. Houghton personally were done solely in their capacity as agents of State Auto. In light of this fact, Orr Drywall may not contest that issue now. The district court correctly concluded that Houghton Insurance Agency and Verne R. Houghton personally, as agents of State Auto, were released to the same extent State Auto was released through the execution of the policyholder's release by Orr Drywall.

We reverse the district court's ruling on the applications for separate adjudication of law points that dismissed the tort claims of Orr Drywall against State Auto, Houghton Insurance Agency and Verne R. Houghton, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.