Lynn HENGESTEG, Appellee,

v.

NORTHERN ENGINEERING, INC., Micro Assemblies Corporation, Karl A. Kittleson, Joseph Orth, Duane Bakken, and George L. Kesler, Appellants.

90–166.

Court of Appeals of Iowa.

Sept. 24, 1991.

James M. Stanton of Schuler, Stanton, Grabinski & Sorensen, Clear Lake, for appellants.

Charles H. Levad of Charles H. Levad, P.C., Mason City, for appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

This case involves an employee's claims for unpaid wages under Iowa Code chapter 91A, the Iowa Wage Payment Collection Act. The plaintiff was awarded $14,543.64 in back wages, $14,543.64 in liquidated damages, and $9,430.80 in attorney fees. Defendants appealed. We affirm.

Plaintiff Lynn Hengesteg was hired by defendant Karl A. Kittleson to work for Northern Engineering, Inc. Kittleson told Hengesteg that all employees received $1,200 per month.

Hengesteg began work in early November 1982. For the first two weeks of his employment he reported to work in the evening and received training. He ran a lathe, grinder, and milling machine for Northern Engineering. Hengesteg was not paid at all for his first three months of work. He continued to report to work because he believed that eventually he would get paid.

Later Hengesteg was given different jobs in companies run by Kittleson and the other named individual defendants. In the summer of 1983 Hengesteg helped remodel a building. He received a check for $1,076.36 from Kittleson–Orth Enterprises.

From July 13, 1983, until January 10, 1984, Hengesteg was employed through a federal job training CETA program. Under this program a portion of Hengesteg's wages were paid by the federal government. Hengesteg generally received a regular paycheck until November 1983. At that time Northern Engineering changed to Micro Assemblies Corporation. Hengesteg received $2,000 in December 1983.

Hengesteg testified that he continued to report to work until August 2, 1984. He met with Kittleson at a local bank on that date. Kittleson wrote him a personal check for $4,000 and told him he had been laid off since February 1984. Hengesteg deposited the check, but stated it was not payment in full.

Hengesteg filed this suit on May 23, 1985, pursuant to Iowa Code section 91A.8. Under this section, where an employer has intentionally failed to pay an employee wages, the employer is subjected to liability for unpaid wages or expenses, liquidated damages, court costs, and attorney fees. *Dallenbach v. MAPCO Gas Products, Inc.,* 459 N.W.2d 483, 489 (Iowa 1990). Defendants raised the affirmative defenses of statute of limitations and accord and satisfaction.

The jury reached a verdict awarding Hengesteg $14,543.64 in back wages and $14,543.64 in liquidated damages. The district court denied defendants' motions for judgment notwithstanding the verdict and for new trial. The court entered judgment on the verdict and additionally awarded Hengesteg $9,430.80 in attorney fees. Defendants appealed.

I.

Our review in this law action is for correction of errors at law. Iowa R.App.P. 4. Findings of fact in a law action are binding upon the appellate court if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

II.

Defendants claim the district court should have granted their motion for judgment notwithstanding the verdict and motion for a new trial. They believe the jury verdict is not supported by substantial evidence, does not effect substantial justice between the parties, and violates Iowa law.

In ruling upon motions for new trial, the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). The court is slower to interfere with the grant of a new trial than with its denial. Iowa R.App.P. 14(f)(4). In consid-

ering a defendant's motion for judgment notwithstanding the verdict, an appellate court will view the evidence in the light most favorable to plaintiff. *Dobson v. Jewell*, 189 N.W.2d 547, 550 (Iowa 1971).

 The parties agree that a portion of Hengesteg's claims are barred by the statute of limitations. Iowa Code chapter 91A does not contain its own limitations provision. *Halvorson v. Lincoln Commodities, Inc.*, 297 N.W.2d 518, 521 (Iowa 1980). The two-year limitations period found in Iowa Code section 614.1(2) is controlling. *Id.* Thus, Hengesteg may recover only for wages due on or after May 23, 1983, which is two years before he filed the present petition.

Hengesteg argued, and the jury appeared to find, that any payments he received during the period he was employed should be allocated to wages as they became due. Hengesteg was employed for twenty-one months at $1,200 per month, which is a total of $25,200. He was paid $10,656.36 during that time. As to the $10,656.36, it appears the jury applied these payments starting with the first month Hengesteg worked for Northern Engineering. Under this scheme, the total amount of unpaid wages due Hengesteg is $14,-543.64, which is the amount of the jury verdict.

Defendants feel some of the wages paid to Hengesteg were for specific jobs or time periods, and these wages should not be allocated to the work he did before May 23, 1983. They argue the jury improperly applied the law in this case by awarding Hengesteg damages for claims which are barred by the statute of limitations.

 We believe there was substantial evidence to support the jury verdict. The jury was specifically instructed not to award Hengesteg damages for services rendered prior to May 23, 1983. The question of how wages already paid to Hengesteg should be allocated is a question of fact. In jury trials controverted issues of fact are for the jury to decide. *Kaiser v. Stathas*, 263 N.W.2d 522, 526 (Iowa 1978).

We affirm the district court's denial of defendants' motions for judgment notwithstanding the verdict and for new trial.

### III.

The defendants also claim the $4,000 Hengesteg received on August 2, 1984, from Kittleson should act as an accord and satisfaction. They assert that Kittleson intended the payment to settle Hengesteg's claims in full, and that Hengesteg accepted the offer by immediately depositing the check.

 Accord and satisfaction is a method of discharging a claim whereby the parties agree to give and accept something in settlement of the claim and perform the agreement; the "accord" being the agreement, and the "satisfaction" its execution or performance. *Robinson v. Norwest Bank, Cedar Falls, N.A.*, 434 N.W.2d 128, 130 (Iowa App.1988). The defendant bears the burden of proof to an accord and satisfaction by a preponderance of the evidence. *RMP Industries, Ltd. v. Linen Center*, 386 N.W.2d 523, 524 (Iowa App.1986).

 Whether there is accord and satisfaction ordinarily involves a pure question of intention. *Robinson*, 434 N.W.2d at 130. There can be no accord and satisfaction unless the creditor understands, or from the circumstances of the offer, or the acts or declarations with which it is accompanied, is bound to understand, that he takes it in full satisfaction of his claim. *Id.* The question of intent is ordinarily a jury question. *Robinson*, 434 N.W.2d at 130.

 Hengesteg testified that when he received the $4,000 he told Kittleson the amount was sufficient for the present time, but he would need more later. Kittleson testified that he was under the impression it was a final payment. However, he presented no evidence to show how he came to this impression. We believe there is substantial evidence to support the jury's verdict that there was no accord and satisfaction in this case.

## IV.

We affirm the judgment entered upon the jury verdict in district court.

AFFIRMED.