# IN THE SUPREME COURT OF IOWA

No. 18–1545

Submitted September 17, 2020—Filed October 23, 2020

**BRIAN TERRY and LISA TERRY,**

Appellants,

vs.

**MEGAN DOROTHY,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Story County, Bethany Currie, Judge.

Appellee seeks further review of the court of appeals decision vacating the district court's grant of summary judgment. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT GRANT OF SUMMARY JUDGMENT AFFIRMED.**

Appel, J., delivered the opinion of the court, in which all justices joined.

Sarah M. Baumgartner (argued) of Hedberg & Boulton, P.C., Des Moines, for appellants.

Charles A. Blades (argued) and Valerie A. Foote of Smith Mills Schrock Blades Monthei, P.C., Cedar Rapids, for appellee.

**APPEL, Justice.**

In this case, we consider whether settlement documents submitted to and approved by the workers' compensation commissioner released common law claims that the employee brought against a coemployee alleging gross negligence. On a motion for summary judgment, the district court found that the settlement precluded the employee from bringing the gross negligence claim against the coemployee. The employee appealed.

We transferred the case to the court of appeals. The court of appeals reversed. We granted further review. For the reasons expressed below, we affirm the ruling of the district court dismissing the employee's gross negligence claim against the coemployee.

## I. Factual and Procedural Background.

**A. Introduction.** On October 14, 2015, Brian Terry, an employee of Lutheran Services in Iowa (LSI) was attacked by a client of LSI, allegedly causing serious injuries. Brian filed a workers' compensation claim against LSI and its workers' compensation carrier. The parties ultimately resolved the workers' compensation dispute in a compromise settlement. Two settlement documents were presented to the Iowa Workers' Compensation Commissioner pursuant to Iowa Code section 85.35(3) (2015). One was titled "Compromise Settlement" and the other was titled "Additional Terms of Settlement." The commissioner ultimately approved the settlement.

## B. Settlement Documents Presented to Commissioner.

1. *Compromise settlement.* The compromise settlement declared that "[t]he undersigned parties submit this Compromise Settlement pursuant to Iowa Code [section] 85.35(3)." The compromise settlement further described the dispute as follows:

A dispute exists under the Iowa Workers' Compensation Law, which the parties seek to resolve by full and final compromise disposition of Claimant's claim for benefits. The subject and nature of the dispute is whether Claimant's alleged October 14, 2015 work injury caused permanent impairment and permanent disability and, if so, the extent of permanent disability.

The compromise settlement contained release language. It provided that "[i]n consideration of this payment, claimant releases and discharges the above employer and insurance carrier from all liability under the Iowa Workers' Compensation Law for the above compromised claim."

2. *Additional terms of settlement.* The parties also presented to the commissioner a document entitled "Additional Terms of Settlement." The compromise settlement expressly incorporated the additional terms of settlement.

The additional terms of settlement stated that the "[d]efendants [LSI and West Bend Mutual Insurance] agree to pay Claimant [Brian Terry] a lump sum of $45,000 in new money." In return, the claimant, Brian, agreed that,

> the payment of $45,000 is acceptable to Claimant as a full and final compromised settlement, satisfaction, and final discharge of all claims and demands that may exist against Lutheran Services of Iowa, Inc, West Bend Mutual Insurance Company, and any of their . . . employees . . . by reason of his employment and by reason of all injuries or damages sustained by Claimant on or about October 14, 2015, through his association with the Released Parties.

The additional terms of settlement further provided, "In consideration of this payment, Claimant releases and discharges the Released Parties from all liability, including liability under Iowa Workers' Compensation Law, for the above injury or injuries . . . known or unknown . . . ."

### C. Proceedings Before the District Court.

1. *Brian and Lisa Terry petition.* On October 12, 2017, Brian and Lisa Terry filed a petition at law in district court. They sought to recover

damages from Megan Dorothy, a supervisor of Brian's when he worked at LSI, on a gross negligence theory. Count I of the petition alleged gross negligence when Dorothy put Brian in a one-on-one situation with a client where the likelihood of assault was probable and the situation ultimately resulted in injuries to Terry. Count II of the petition alleged that the traumatic brain injury suffered by Brian as a result of Dorothy's gross negligence had an adverse impact on the Terrys' marriage.

2. *District court ruling on motion for summary judgment.* Dorothy moved for summary judgment, seeking to dismiss the action. In her moving papers, Dorothy asserted alternative grounds, including relying upon "release language that releases plaintiffs' co-employee gross negligence claim against the defendant Dorothy."

The district court granted Dorothy's motion for summary judgment on both contract and statutory grounds. According to the district court,

> Mr. Terry lost any further rights to pursue damages under Iowa Code section 85.20 for gross negligence against a co-employee both because the Additional Terms of Settlement specifically include a release for all co-employees and because Iowa Code section 85.35(9) provides that a compromise settlement approved by the Commissioner is a final bar to any further rights under chapter 85 . . . .

The district court next turned to Lisa Terry's consortium claim. The district court reasoned that in order to bring a consortium claim, there must be liability on the underlying claim that caused injuries to the other spouse. Because the district court dismissed Brian's gross negligence claim, the district court reasoned that Lisa's consortium claim must also fail.

3. *Decision of court of appeals.* The Terrys appealed. We transferred the case to the court of appeals. The majority in the court of appeals reversed. The majority emphasized that a claim of gross negligence is a

common law claim distinct and apart from a workers' compensation claim. The majority thus reasoned that the statutory settlement before the workers' compensation commissioner extinguished all statutory claims but a settlement with the workers' compensation commissioner did not release a common law claim of gross negligence against a coemployee. While the majority recognized there might be a claim for summary judgment based upon the contractual terms of the additional terms of settlement, independent of any approval by the workers' compensation commissioner, the majority found that contractual theory was not before the court. According to the majority, Dorothy exclusively relied upon the premise that a gross negligence claim against a coemployee was part and parcel of a workers' compensation claim and that the commissioner's action in approving the settlement extinguished the gross negligence claim. A dissent, however, agreed that a gross negligence claim against a coemployee was not a statutory claim under Iowa Code section 85.20 but reasoned that the contract theory was, in fact, addressed by the district court and sufficiently presented on appeal to provide a basis to affirm the district court.

## II. Standard of Review.

This case involves review of a district court's order on a motion for summary judgment. A district court's summary judgment ruling is reviewable for correction of errors at law. *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 36 (Iowa 2018).

## III. Discussion.

**A. Summary Judgment Based On Statutory Theory.** We first consider whether a gross negligence claim against a coemployee is a statutory claim that is extinguished under Iowa Code section 85.20 when the workers' compensation commissioner approved settlement of the

statutory claim. Dorothy points out that an approved compromise and settlement is a final bar "without qualification or limitation" to all further rights under the workers' compensation statutes. *Bankers Standard Ins. v. Stanley*, 661 N.W.2d 178, 181–82 (Iowa 2003). In contrast, the Terrys' assert that a gross negligence claim against a coemployee is a common law claim that is outside the scope of the workers' compensation statutes and, as a result, a settlement of Brian Terry's statutory workers' compensation claims does not extinguish the gross negligence and consortium claims.

On this point, we agree with the Terrys. Prior to 1973, the statutory immunity from claims under our workers' compensation statute after settlement applied only to employers and not to coemployees. *Craven v. Oggero*, 213 N.W.2d 678, 680–81 (Iowa 1973) (en banc). Thus, as of 1973, an employee could bring a common law claim against coemployees based on tort theories. In 1974, the statute was amended to extinguish common law claims against coemployees except for those founded in gross negligence. *See* 1974 Iowa Acts ch. 1111, § 1 (codified at Iowa Code § 85.20 (1975)); *Gourley v. Nielson*, 318 N.W.2d 160, 160–61 (Iowa 1982). Thus, the common law claims against coemployees for gross negligence survived the amendment and are not within the scope of our workers' compensation statutes.

**B. Summary Judgment Based on Contract Theory.** We now turn to the separate and independent question of whether, as a matter of contract law, the settlement documents in this case extinguished Brian's gross negligence claim and Lisa's consortium claim. As a preliminary matter, we must address whether the contract theory is properly before the court.

We first examine the ruling of the district court. The district court expressly ruled in favor of Dorothy on both statutory and contract grounds. The district court, among other things, declared that,

> the plain language of contract (here, the Compromise Settlement including the Additional terms of Settlement), Mr. Terry released all employees of LSI—including Ms. Dorothy—from any and all claims of injuries that he may have against them. Therefore, Ms. Dorothy is entitled to summary judgment on Mr. Terry's claim of gross negligence.

Plainly, the contract was preserved in the district court.

We now turn to the question of whether the contract theory was waived by Dorothy on appeal. The header of the argument section in Dorothy's brief broadly declares without limitation that the district court correctly granted summary judgment in favor of the defendant. The discussion that follows admittedly concentrates most of its firepower on the statutory theory that we have rejected.

Yet, the contract theory was also clearly presented in Dorothy's appellate brief. Dorothy stated that "plaintiff Brian Terry's compromise settlement agreement with LSI is a contract and the principles of contract law apply." After citing various cases explaining basic principles of contract law, Dorothy argued "[w]ith the above principles in mind, it is clear that plaintiff Terry released any claim he might have against the defendant Dorothy involving his work place injury." Dorothy further claims that because she "is one of the employees covered by the language in the settlement documents, her motion for summary judgment [was] properly granted." Certainly, this is enough to raise the contract theory on appeal. "Our issue preservation rules are not designed to be hypertechnical." *Griffin Pipe Prods. Co. v. Bd. of Rev.*, 789 N.W.2d 769, 772 (Iowa 2010).

We now turn to the merits of the contract theory. "A release is a contract, and its validity is governed by the usual rules relating to contract." *Stetzel v. Dickenson*, 174 N.W.2d 438, 439 (Iowa 1970). The intent of the parties controls, and unless the contract is ambiguous, intent is determined by the plain language of the contract. *Verne R. Houghton Ins. Agency v. Orr Drywall Co.*, 470 N.W.2d 39, 42 (Iowa 1991). It is, of course, true that the compromise settlement is limited to release of workers' compensation claims. Considered in isolation, this document would not provide a basis for summary judgment. But, in addition, the parties executed the additional terms of settlement. Here, much broader release language is employed. The additional terms of settlement releases all employees of LSI from any and all liability. The language is broad, unqualified, and not ambiguous. It certainly extinguishes common law claims. And, although Lisa was not a signatory to the additional terms of settlement, her claim depends on the validity of the underlying claim of her spouse.[1]

As a result, although the district court's ruling was flawed when it reasoned that a statutory workers' compensation claim extinguishes common law gross negligence claims against a coemployee, the district court properly ruled that, as a matter of contract, the language in the additional terms of settlement extinguished Brian's gross negligence claim and Lisa's consortium claim.

**IV. Conclusion.**

For all the above reasons, we affirm the order of the district court granting summary judgment against the plaintiffs in this matter.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT GRANT OF SUMMARY JUDGMENT AFFIRMED.**

---

[1]The appellants did not raise the issue of whether Lisa's signature was required to release her loss of consortium claim. We therefore do not consider the issue.